MOSES VAN BUSKIRK, PLAINTIFF IN ERROR, V. J. S. CHANDLER, DEFENDANT IN ERROR.

**Payment:** EVIDENCE. A defendant relying upon payment as a defense must, where it is denied, prove the same.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Hayes & Taggart,* for plaintiff in error.

*Batty & Ragan,* for defendant in error.

MAXWELL, J.

This action was brought on a promissory note, of which the following is a copy:

"$216.                 JUNIATA, NEB., Nov. 28th, 1879.

" One year after date, we promise to pay to the order of Moses Van Buskirk the sum of two hundred and sixteen dollars, for value received, to bear ten per cent interest per annum from date. If the interest is not annually paid, to become as principal, and bear the same rate of interest, payable without defalcation or discount.

" J. S. CHANDLER,
" IRA G. DILLON."

The defendants answer jointly, and allege: *First.* That Ira G. Dillon signed said note merely as surety. *Second.* Usury in the transaction, the sum of $16.00 being retained by the plaintiff in addition to ten per cent interest. *Third.* Payment.

On the trial of the cause the defendant Chandler demanded and obtained the opening and closing. Proof was introduced, and the jury returned a verdict in favor of the defendant, upon which judgment was rendered. The prin-

cipal ground upon which a reversal is sought is, that the verdict is against the weight of evidence.

Only the defendant Chandler appeared on the trial. He testified that the note in question was given for borrowed money, which he obtained from the plaintiff; that he received but $200; that he paid the note by a check on C. R. Jones & Co.'s bank in Juniata. The check which he claims was given in payment of the note in question is as follows:

"No. 36.          JUNIATA, NEB., October 20, 1880.
" C. R. Jones & Co., Bankers:

" Pay to Moses Van Buskirk, or bearer, two hundred dollars, $200.                    " J. S. CHANDLER."

It will be observed that this check was given more than a month before the note was due, and although the plaintiff had the note with him at the time the money was paid, there was no demand for the note or that the $200 be credited thereon. These facts are significant in connection with the following testimony: The plaintiff testifies that Chandler and himself, on or about the date of the check, purchased at Kearney, of one Austin, " seven hundred and twenty-eight lambs and fifty old ewes," for the sum of " fifteen hundred and some odd dollars," and he loaned Chandler $200 to pay on said sheep, taking the check in question therefor. In this he is corroborated by Mr. Austin, who sold the sheep, and a Mr. Thompson, to whom Chandler stated that he owned a part of them. Chandler admits in his testimony that he sold the wool and divided the proceeds. He claims, however, that the plaintiff was indebted to him, but fails to explain in what the debt consisted, or what right he had to take one-half of the proceeds of the wool, except as partner. There is other testimony in the record from which a partnership in the sheep in question may be inferred, but which need not be adverted to. Against this array of evidence we have the naked allegation of the de-

fendant, unsupported either by facts or circumstances. This is not sufficient to sustain the plea of payment as against the array of testimony on the part of the plaintiff. As a new trial must be had, the court in the next trial should permit greater scope of inquiry, as considerable testimony offered and excluded on the former trial seemed calculated to throw additional light on the matter. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.