EDWARD MCGERR ET AL., APPELLEES, v. ALFRED BEALS ET AL., APPELLANTS.

145 N. W. 2d 579

Filed October 21, 1966. No. 36271.

William L. Walker, Earl Ludlam, John McArthur, and A. James McArthur, for appellants.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and NEWTON, District Judge.

BOSLAUGH, J.

This is an action for damages for false representations arising out of the sale of a residence property to the plaintiffs, Edward McGerr and Barbara J. McGerr. The defendant, Alfred Beals, was the owner of the property. The sale was negotiated by the defendant, Action Realty Company, Inc., a real estate broker.

The jury returned a verdict against both defendants. Their motions for new trial were overruled and they have appealed. Although the defendants have filed separate briefs, the principal assignments of error of each defendant relate to the sufficiency of the evidence to sustain the judgment and the instructions of the trial court.

The property in question is located at 6000 Holdrege Street in Lincoln, Nebraska. It is a brick veneer house with a full basement. When the house was constructed, tile was laid under the basement floor which led to a pit located approximately 14 feet south of the southeast corner of the house. An automatic electric sump pump installed in the pit is connected to a discharge tube leading to the street in front of the property. Water which collects in the pit is automatically pumped out into the street.

Beals listed the property for sale with Action Realty

Company in August 1963. It was shown to the plaintiffs in September 1963 by Richard Svoboda, a salesman employed by the Action Realty Company. Mrs. McGerr testified that she told Svoboda that they needed a house with a dry basement because they wanted to have a bedroom in the basement. When they first looked at the house at 6000 Holdrege Street, the basement was dry and there was no sign of any water. Nothing was said about there being a water problem with the house.

The plaintiffs inspected the property again about a week later. On that occasion Svoboda told the plaintiffs that a sump pump had been installed in the yard as a precautionary measure because of the fact that water might drain onto the property from the east. Svoboda said that the water would not run in and over the basement floor but would go into the "pocket" and be pumped out to the street. Mrs. McGerr further testified that Svoboda said that they would have nothing to worry about as far as water coming into the basement was concerned.

The plaintiffs inspected the property a third time on a Sunday afternoon during an open house. The basement was dry on this occasion and there was no sign of any water. The plaintiffs were in the basement of the house when Beals and Svoboda arrived. While Beals was in the northeast corner of the basement he asked Mrs. McGerr to look at the basement and note how perfectly dry it was. The plaintiffs agreed to purchase the house on the following Tuesday. The contract is dated October 2, 1963.

The plaintiffs commenced moving into the house about a week later. Water was then coming through the basement wall and onto the floor. Water flows in where the wall meets the floor and at times covers the entire basement floor. The water interferes with the use of the basement area, causes the furnace and laundry equipment to rust, and creates a musty odor in the rest of the house.

In June 1964, the plaintiffs wrote to Action Realty Company requesting that all of their payments and other costs to date plus the expense of moving to another house be refunded within 10 days. The plaintiffs were unable to reach a settlement with the defendants, and this action followed.

The defendants produced evidence which contradicted that of the plaintiffs. The effect of this evidence was to present a question for the jury. In testing the sufficiency of the evidence to support a judgment, the evidence must be considered in the light most favorable to the successful party. Boardman v. McNeff, 177 Neb. 534, 129 N. W. 2d 457. The verdict by a jury based upon conflicting evidence will not be set aside unless it is clearly wrong. Bauerle v. Frosh, *ante* p. 170, 141 N. W. 2d 748.

The evidence is sufficient to sustain a finding that the defendants represented that the house had a dry basement and that there was no water problem, which was untrue. The jury could find that the defendants knowingly made a false representation of a material fact, with the intention that it be acted upon, and that the plaintiffs relied thereon to their damage. The evidence in this case is sufficient to sustain the judgment against both defendants.

The defendants contend that the plaintiffs' letter requesting that all of their payments and other costs be refunded was a rescission and a bar to a later action for damages. The plaintiffs' letter was, at least, an offer to rescind which was not accepted by the defendants. The defendants did not change their position in any way and the plaintiffs were not barred from proceeding with an action for damages for the misrepresentation.

By instruction No. 6 the jury was advised that a mere expression of opinion honestly made under circumstances that do not give another the right to rely thereon is not actionable; and that a statement understood to be an expression of opinion, or which could not reasonably be

understood to be otherwise, should be disregarded. The instruction was not erroneous or prejudicial to the defendants.

Instruction No. 7 related to the right of a purchaser to rely upon representations where the facts are unknown to him, the effect of an investigation by the purchaser, and the duty to use ordinary prudence to prevent deception. The defendants claim that the instruction was not proper in this case because there was no evidence of a latent defect. Although the defendants claimed that the plaintiffs had been fully advised concerning the water problem in the house, the plaintiff's evidence was to the contrary. The instruction was properly given.

Instruction No. 8 related to the duty of the seller to disclose a material fact where its suppression is the equivalent to a false representation. The instruction was proper in view of the plaintiffs' evidence concerning the statements in regard to the sump pump, its purpose, and its effect.

Instruction No. 9 advised the jury concerning notification to a principal of the unauthorized act of an agent, and the effect of the failure of the principal to return benefits received by him. The instruction was proper and appropriate in view of the evidence and the issues relating to agency.

By cross-petitions the defendants alleged that the plaintiffs were in default, that the defendants had declared a forfeiture of the contract, and that the court should decree its cancellation. The contract provides for forfeiture at the option of seller in the event of a default of 60 days in any payment due under the contract. The evidence established that there had been no default of 60 days' duration or any attempt by the defendants to declare a forfeiture. The cross-petitions were properly dismissed.

By motions, the defendants requested that the judg-

ment of the plaintiffs be set off against the balance remaining due on the contract. The contract contains no escalation clause other than the option to declare a forfeiture in the event of a 60-day default on the part of the buyer. Ordinarily, a debt due at a future time cannot be set off against a debt presently due. Lyhane v. Durtschi, 144 Neb. 256, 13 N. W. 2d 130. The defendants' motions were properly overruled.

The defendants claim that the trial court should have instructed the jury concerning the plaintiffs' duty to mitigate the damages. Under the pleadings in this case there was no issue concerning mitigation of damages and no instruction was required. The plaintiffs sought to recover only the difference between the value of the property at the time of the sale and what its value would have been if the representations of the seller had been true. The defendants introduced evidence concerning the value of the property, and the issue was properly submitted to the jury by the instructions of the trial court.

It is unnecessary to consider the other assignments of error. The judgment of the district court is affirmed.

AFFIRMED.