DEPARTMENT OF BANKING OF THE STATE OF NEBRASKA, AS
RECEIVER AND LIQUIDATING AGENT OF THE BARTLETT STATE
BANK, INSOLVENT, APPELLANT, V. FRANK LAWHEAD,
APPELLEE.
150 N. W. 2d 734

Filed May 12, 1967. No. 36467.

Clarence A. H. Meyer, Attorney General, and Robert A. Nelson, for appellant.

Vogeltanz & Kubitschek, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action by the Department of Banking of the State of Nebraska, as receiver and liquidating agent of the Bartlett State Bank, insolvent, against Frank Lawhead, appellee. Two causes of action were set out in appellant's petition, the first being upon a promissory note and the second on a check. Appellee's answer generally denies all allegations in the petition, and alleges payment of the promissory note and check. The reply consisted of a general denial.

On trial to a jury a verdict was rendered for appellee on both counts and judgment entered thereon.

The evidence discloses that appellee had been doing business with the Bartlett State Bank over a period of several years prior to the time it went into receivership on May 13, 1959, and had frequently borrowed substantial sums from the bank, giving his notes therefor.

The bank records reveal that in May 1956, appellee was indebted to the bank in the sum of $7,475 and borrowed an additional $12,000 for which he gave two notes, each for $6,000, to C. L. Bishop, president of the bank. The bank's maximum loan limit was $10,400, whereas total loans to appellee then amounted to $19,475, and explains why the two $6,000 notes were not made payable to the bank. These notes were immediately discounted, one with the Omaha National Bank and one with the First National Bank of Omaha. The note sent to the Omaha National Bank was renewed from time to time, and together with all other indebtedness of appellee, excepting only the note sent to the First National Bank of Omaha, was concededly subsequently paid by appellee.

The note sent to the First National Bank of Omaha was not accepted, was returned to the Bartlett State Bank, and so far as the bank records are concerned then disappeared and remains unaccounted for; its withdrawal being covered by manipulations of other accounts. A renewal of this note, the one in suit here, was subsequently found in the bank's office, and endorsed over by C. L. Bishop to the receiver. It is dated March 2, 1957.

The check in suit, dated March 2, 1957, in the sum of $363.45 was given to cover interest due on the two $6,000 notes and was never charged to appellee's account.

On June 26, 1959, appellee paid to the receiver the sum of $5,358.72, which represented all indebtedness owing by him to the bank as reflected by the bank records. The note and check sued upon, as previously noted, did not then appear in the bank records and were not discovered until a later date. On discovery they were traced back and the foregoing facts came to light.

Appellee called attention to other credits due him from the bank. Without exception these are revealed by the records to have been applied toward the payment of his other indebtedness to the bank. He testified that a check in the sum of $6,771.60, dated February 23,

1957, was given by him to the bank in payment of the $6,000 note in question, but the records reveal this too was in payment of other indebtedness due the bank, and he does not explain why, having paid the note on February 23, 1957, he executed a renewal of it on March 2, 1957.

No attempt is made to show payment of the $363.45 check and the only evidence in the record to establish payment of either the note or the check is appellee's unsupported statement that he paid the bank in full.

At the conclusion of the evidence appellant moved for a directed verdict, which was denied. The question presented is whether or not such motion should have been sustained. On the basis of the record we conclude that it should have been.

The defense of payment is an affirmative defense and the burden of proving it is on the party alleging it. Van Buskirk v. Chandler, 18 Neb. 584, 26 N. W. 356; Federal Farm Mtg. Corp. v. Hughes, 137 Neb. 454, 289 N. W. 866; Bosle v. Luebs, 169 Neb. 186, 98 N. W. 2d 795.

The burden of proving payment being upon appellee can the verdict he received be sustained under the circumstances presented by this record? "To justify the direction of a verdict, it is not necessary that there should be literally no evidence to go to the jury; it being sufficient that there is none that ought reasonably to satisfy the jury that the fact sought to be proved is established." Corbitt v. Hafer, 153 Neb. 824, 46 N. W. 2d 176. See, also, Reynolds v. Knott, 164 Neb. 365, 82 N. W. 2d 568. The record in this case discloses that every fact, without exception, relied upon by appellee as a basis for his statement that he had made payment of the note and check in question fail to support that contention. The evidence is insufficient to sustain the verdict. The judgment of the district court is reversed, and the cause remanded with direction that judgment be entered for appellant on both causes of action.

REVERSED AND REMANDED.