W. J. HANEY, APPELLEE, v. L. R. FOY CONSTRUCTION CO., INC., A CORPORATION, APPELLANT.

184 N. W. 2d 628

Filed March 12, 1971. No. 37682.

Chesley S. Baker, for appellant.

Robert E. Paulick, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff, W. J. Haney, brought this action to recover the balance due on a construction subcontract in which the defendant, L. R. Foy Construction Co., Inc., was the principal contractor. The jury returned a verdict for the plaintiff and the defendant has appealed.

The plaintiff contracted to perform the plastering and lathing work on the Golden Towers Housing Project building at Grand Island, Nebraska. The parties stipulated that the total amount of the plaintiff's contract was

$40,046 and that the defendant had paid $33,572.85 to the plaintiff and to the plaintiff's suppliers for the benefit of the plaintiff. The verdict was for the difference between these amounts, $6,473.15.

The defendant alleged that the plaintiff failed to complete his work on time and left part of his work uncompleted which caused the defendant to expend $4,040.08 to complete the plaintiff's work. The defendant also alleged that it had paid $11,458.57 to the Chicago Lumber Company for the benefit of the plaintiff, which together with payments to the plaintiff amounted to $39,-864.25. The defendant's principal contention on appeal is that the evidence does not support the verdict.

The evidence with respect to the plaintiff's performance of the contract is in sharp conflict. The plaintiff testified that he performed the work in accordance with the terms of the contract and produced other witnesses who corroborated his testimony. The defendant produced evidence to the contrary. The evidence presented a question for the jury and, when viewed in the light most favorable to the plaintiff, was clearly sufficient to sustain the verdict. The verdict of a jury based upon conflicting evidence will not be set aside unless it is clearly wrong. McGerr v. Beals, 180 Neb. 767, 145 N. W. 2d 579.

The defendant proved that it paid $734.27 on November 16, 1964, and $1,785 on January 18, 1965, to the Chicago Lumber Company on behalf of the plaintiff. This evidence was uncontroverted, but there was no proof that these payments were in addition to the $9,207.25 paid to the suppliers which was included in the stipulation. The burden of proof was on the defendant on this issue and the jury was not required to find that the defendant had made payments in addition to those included in the stipulation. Department of Banking v. Lawhead, 181 Neb. 722, 150 N. W. 2d 734.

The amended petition prayed for judgment in the amount of $6,000 with interest and costs. After the ver-

dict had been returned, the trial court permitted the plaintiff to amend the prayer to conform to the verdict. This was proper since the stipulation and the evidence sustained the amount of the verdict. Pinches v. Village of Dickens, 127 Neb. 239, 254 N. W. 877.

The judgment of the district court is correct and is affirmed.

AFFIRMED.