KATHERINE SNIPES, A MINOR, BY HER FATHER AND NEXT FRIEND, ROBERT R. SNIPES, APPELLANT, V. FLOYD SMITH; APPELLEE, MILBANK MUTUAL INSURANCE COMPANY, INTERVENER-APPELLEE.

213 N. W. 2d 456

Filed December 14, 1973.   No. 39037.

Albert C. Walsh, for appellant.

J. William Gallup, for appellee.

Robert D. Mullin, for intervener-appellee.

Heard before SPENCER, BOSLAUGH, SMITH, and CLINTON, JJ., and C. THOMAS WHITE, District Judge.

BOSLAUGH, J.

This action arises out of a collision between automobiles operated by the plaintiff and the defendant. At the close of the evidence the trial court sustained the defendant's motion to dismiss the action. The plaintiff has appealed.

The accident happened at about 1 a.m., on January 17, 1971, in Gretna, Nebraska. The plaintiff had been driving north on Bryan Street and was making a left turn onto Angus Street. The defendant was driving east on Angus Street. The collision occurred in the intersection when the left front of the defendant's automobile struck the left side of the plaintiff's automobile.

Bryan Street forms a "T" intersection with Angus Street and is not open north of Angus Street. There is a yield sign on Bryan Street at the intersection. At the time of the accident the streets were icy in spots and there was snow piled along the curbs on both streets which interfered to some extent with the vision of drivers approaching the intersection.

Angus Street is level for approximately 200 feet west of the intersection and then slopes downhill for several blocks. The record does not show the exact width of Angus Street but it was described as wide enough to accommodate a lane of parked cars near each curb and two lanes for moving traffic.

The plaintiff testified that she approached the intersection going north and stopped at the yield sign; she could not see along Angus Street because of the snowdrifts; she pulled out slowly, looked again and did not see anything; and then "tried to make it out around the corner." When the plaintiff was "almost halfway out into the intersection," she saw the defendant's automobile approaching from the west and "stepped on the gas to try and make it around him."

A driver entering an intersection is obligated to look for approaching automobiles and see those within that radius which denotes the limit of danger. If he fails to see an automobile which is favored over him under the rules of the road, he is guilty of contributory negligence sufficient to bar his recovery as a matter of law. Flanagin v. DePriest, 182 Neb. 776, 157 N. W. 2d 389.

Under the circumstances in this case it is clear that the defendant's automobile was in a favored position. The yield sign on Bryan Street required the plaintiff to yield the right-of-way to any vehicle approaching the intersection on Angus Street and within the limit of danger. See, Geisking v. Sheimo, 252 Iowa 37, 105 N. W. 2d 599, 2 A. L. R. 3d 268; Annotation, 2 A. L. R. 3d 275. See, also, LeMieux v. Sanderson, 180 Neb. 311, 142 N. W. 2d 557; § 39-754, R. S. Supp., 1972, effective August 27, 1971.

The plaintiff argues that it was difficult to see the defendant's automobile because the headlights appeared to be dim or dirty and did not shine brightly. The record indicates the intersection was lighted by a streetlight, and the passenger in the plaintiff's automobile testified that as the plaintiff was pulling out, "we both noticed a car coming over the hill, and that's all. After I saw the car I didn't look any more, 'cause I knew it was going to hit us."

When the plaintiff stopped at the yield sign, her vision along Angus Street was obstructed by the snowbank. It was her duty to stop, or be able to stop, at a point near the intersection where she would have a view of traffic approaching on Angus Street. She testified that she pulled out slowly and looked again but did not see anything. The plaintiff's failure to see the defendant's automobile which was within the limit of danger and in a favored position was negligence as a matter of law and sufficient to bar her recovery.

The judgment is affirmed.

AFFIRMED.