DOUGLAS M. DORT, EXECUTOR OF THE ESTATE OF NELLIE M. DOERCK, DECEASED, APPELLANT, V. SWIFT AND COMPANY, A CORPORATION, ET AL., APPELLEES.
DOUGLAS M. DORT, ADMINISTRATOR OF THE ESTATE OF CHARLES LLOYD DORT, DECEASED, APPELLANT, V. SWIFT AND COMPANY, A CORPORATION, ET AL., APPELLEES.
228 N. W. 2d 588

Filed May 1, 1975. Nos. 39601, 39602.

Wagener & Youngs, for appellant.

Cline, Williams, Wright, Johnson & Oldfather and Alan E. Peterson, for appellees Swift & Co. and Brems.

Healey, Healey, Brown, Wieland & Burchard and Douglas L. Kluender, for appellee Hill.

Perry, Perry, Witthoff & Guthery, for appellee M. W. Anderson Constr. Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

These actions are for damages for the deaths of two guest passengers in an automobile accident at an intersection. Plaintiff is the personal representative of the two decedents. The defendants were the host driver; the driver of the other vehicle and his employer; and a construction company which was engaged in construction work on private property located near the intersection. The plaintiff's causes of action against the host driver and the construction company were dismissed. The jury returned its verdict in favor of the defendant, Edward B. Brems and his employer, Swift and Company, and plaintiff has appealed.

The accident here occurred about 6 p.m., on January 10, 1973, at the intersection of 27th Street and Old Cheney Road in Lincoln, Lancaster County, Nebraska. It was dark and headlights were lighted on both cars. The weather was clear and cold. Both 27th Street and Old Cheney Road were blacktop two-lane roads and they were icy. The speed limit on 27th Street was 50 miles per hour and the speed limit on Old Cheney Road was 55 miles per hour. The roads on which the automobiles were traveling were substantially level or had only slight grades in the area near the in-

tersection. Old Cheney Road was protected by stop signs on 27th Street to the north and south of the intersection. The stop sign for southbound traffic on 27th Street was located at the northwest corner of the intersection 24 feet north of the north edge of Old Cheney Road and 14 feet west of the west edge of 27th Street. There was a pile of dirt on private property northwest of the intersection which partially obstructed the view in that area. The defendant, Leonard W. Hill, was the driver of an automobile in which the two decedents were riding as guest passengers. The Hill automobile was traveling south on 27th Street. The defendant Edward B. Brems, driving an automobile owned by his employer, Swift and Company, was proceeding east on Old Cheney Road.

When Mr. Hill reached a point on 27th Street approximately 100 yards north of the intersection, he commenced to slow for the stop sign. He testified that he stopped at the stop sign with the front end of his automobile about even with the stop sign. He looked east and west along Old Cheney Road but saw no traffic approaching. He started forward and proceeded into the intersection with the intention of making a right-hand turn onto Old Cheney Road. At this point, however, he observed car lights approaching from the west, and in an effort to avoid a collision, he drove straight forward to the south.

The defendant Brems meanwhile was driving east on Old Cheney Road at a speed of between 35 and 40 miles per hour. At a point some 200 or 300 yards west of the intersection he observed an automobile cross the intersection, and dimmed his lights and slowed down 3 or 4 miles per hour. When he neared the intersection, he saw the headlights of the Hill car which was entering the intersection from the north. He hit his brakes but struck the Hill car just behind the front door on the right side. The collision occurred in the southwest quadrant of the intersection. The Hill car continued on

south and came to rest on its side in the ditch along the east side of 27th Street 93 feet south of the point of impact. The Brems car left skid marks of 47 feet prior to impact, spun around, and came to rest in the south ditch of Old Cheney Road some 52 feet from the point of impact. Brems was not hurt but the plaintiff's decedents were both killed in the accident.

Plaintiff's causes of action against the host driver Hill and against M. W. Anderson Construction Company were dismissed by the court, and only the causes of action against the defendant Brems and his employer, Swift and Company, were submitted to the jury. The jury returned a verdict in favor of the defendants and the plaintiff has appealed.

Plaintiff first contends that the Nebraska guest statute is unconstitutional, and that the host driver, Leonard W. Hill, although not grossly negligent, was improperly dismissed. That issue was recently decided by this court adversely to plaintiff's contention, and requires no further discussion here. See Botsch v. Reisdorff, *ante* p. 165, 226 N. W. 2d 121.

Plaintiff also contends that the trial court erred in dismissing plaintiff's causes of action against M. W. Anderson Construction Company. That defendant had left a pile of dirt on private property to the northwest of the intersection which was a partial obstruction to the view in that area. No warning signs were placed at or near the pile of dirt. Failure to warn is the sole act of negligence charged against the defendant Anderson. The dirt was not located on the highway right-of-way but was entirely on private property.

The pile of dirt here was clearly observable and, at most, constituted simply a condition which should have been evident to both drivers. The existence or presence of elements which materially impair or wholly destroy visibility are not to be deemed intervening causes but rather as conditions which impose upon the drivers of motor vehicles the duty to exercise a degree of care

commensurate with such surrounding circumstances. See, Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333; Snipes v. Smith, 191 Neb. 4, 213 N. W. 2d 456.

Plaintiff cites no case which supports his contention nor do we find any. The plaintiff wholly failed to establish that the defendant, M. W. Anderson Construction Company, had any duty to warn the driver of an automobile on the highway of the existence of a condition on private property which was open and observable. Neither is there any evidence that failure to warn could have constituted a proximate cause of the accident. Plaintiff's contention is without merit.

Finally, the plaintiff asserts that the jury verdict for the defendants was contrary to the evidence and the instructions. No objection has been made to any instruction, nor did the plaintiff move for a directed verdict against the defendants, and plaintiff is therefore relegated to the contention that the evidence establishes negligence on the part of the defendants as a matter of law, or at least that the jury verdict was clearly wrong. The evidence destroys the contention. Except for the icy condition of the streets, the defendants might themselves have been entitled to a directed verdict. See Steinberg v. Pape, 181 Neb. 806, 150 N. W. 2d 912.

To justify this court in interfering with the findings of a jury on a fact question, the preponderance of the evidence must be so clearly and obviously contrary to the findings that it is the duty of the reviewing court to correct the mistake. Merritt v. Reed, 186 Neb. 561, 185 N. W. 2d 261. That is not this case. A verdict based on conflicting evidence will not be disturbed on appeal unless it is clearly wrong. Haney v. L. R. Foy Constr. Co., Inc., 186 Neb. 528, 184 N. W. 2d 628.

The judgment of the District Court was correct in all respects and is affirmed.

AFFIRMED.