VISTAR BANK, A NEBRASKA BANKING CORPORATION, APPELLANT,
v. RICHARD N. THOMPSON, APPELLEE.

530 N.W.2d 910

Filed April 27, 1995.   No. S-93-687.

Carl J. Sjulin, of Rembolt Ludtke Parker & Berger, for appellant.

Terrance A. Poppe, of Morrow, Poppe, Otte, Watermeier & Phillips, P.C., for appellee.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, and CONNOLLY, JJ., and RONIN, D.J., Retired.

WHITE, C.J.

In 1987, Richard N. Thompson engaged the law firm of Nelson & Harding to provide corporate legal services on open account in Thompson's establishment of a corporation, Ethanair Corporation. Thompson personally signed a contract retaining Nelson & Harding. Nelson & Harding drafted and filed Ethanair's articles of incorporation.

In 1989, Nelson & Harding merged with the law firm of Heron, Burchette, Ruckert & Rothwell; Heron Burchette thereafter established an $8 million credit line with Vistar Bank, using its accounts receivable as collateral. In March 1989, Heron Burchette sent Thompson a final invoice for $64,547.21 in legal services. In April 1990, Heron Burchette ceased doing

business, and in March 1991, Heron Burchette assigned the Thompson account to Vistar Bank for "collection purposes only and with full right of recourse."

Thompson allegedly failed to make any payments on his account, prompting Vistar Bank to file this action. After Vistar Bank had presented its case in chief, Thompson moved for a directed verdict, contending that Vistar Bank had failed to prove that he owed any money. The district court granted Thompson's motion and denied Vistar Bank's motion for a new trial. Vistar Bank appealed, contending that it had proven that Thompson owed money.

In reviewing the action of a trial court, an appellate court must treat a motion for directed verdict as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. To sustain a motion for directed verdict, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion from the evidence. *Kroeger v. Ford Motor Co.,* ante p. 323, 527 N.W.2d 178 (1995); *Larsen v. First Bank,* 245 Neb. 950, 515 N.W.2d 804 (1994); *Rohde v. Farmers Alliance Mut. Ins. Co.,* 244 Neb. 863, 509 N.W.2d 618 (1994).

In the case at bar, however, the district court committed reversible error by granting Thompson's motion for a directed verdict. First, the record contains a document titled "Assignment of Account," indicating that Thompson owed $64,547.21 in attorney fees to Heron Burchette, which had in turn assigned the account to Vistar Bank. Second, the following exchange transpired between the district court and Vistar Bank's counsel:

> THE COURT: What evidence is there that this [assigned account] hasn't been paid to Vistar [Bank]?
>
> [Vistar Bank's counsel]: Mr. Scudder's testimony. Are we required, Judge, to prove that up to the minute of time that there hasn't been any payment?
>
> THE COURT: Up at least to the minute of the petition.

The last statement by the district court clearly establishes that the district court erred by dismissing Thompson's motion for a directed verdict because payment on a debt is an affirmative defense, and the burden of proving it rests with the party alleging it. *Foremost Ins. Co. v. Allied Financial Services, Inc.*, 205 Neb. 153, 286 N.W.2d 740 (1980); *Poland v. Gibson*, 190 Neb. 696, 211 N.W.2d 900 (1973); *Haney v. L. R. Foy Constr. Co.*, 186 Neb. 528, 184 N.W.2d 628 (1971); *Department of Banking v. Lawhead*, 181 Neb. 722, 150 N.W.2d 734 (1967); *Hancock v. Parks*, 172 Neb. 442, 110 N.W.2d 69 (1961).

Since the district court erred by requiring Vistar Bank to prove one of Thompson's affirmative defenses, we reverse the judgment and remand this cause to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

FAHRNBRUCH, J., not participating.