VISTAR BANK, APPELLEE, V.
RICHARD N. THOMPSON, APPELLANT.
568 N.W.2d 901

Filed October 3, 1997.    No. S-95-1318.

Terrance A. Poppe, of Morrow, Poppe, Otte, Watermeier & Phillips, P.C., for appellant.

Carl J. Sjulin, of Rembolt Ludtke & Berger, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

This case is a law action brought by appellee, Vistar Bank (Vistar), against appellant, Richard N. Thompson, for payment of an account due as a result of legal services provided to Thompson by the law firm of Nelson & Harding and its successor firm Heron, Burchette, Ruckert & Rothwell (HBRR). HBRR assigned the account to Vistar for collection. The parties waived a jury trial, and the district court for Lancaster County found Thompson personally liable for the account to Vistar. Thompson now appeals.

In October 1987, Thompson approached the Nelson & Harding law firm regarding representation for the incorporation of Ethanair Corporation, an ethanol plant in Nebraska. Earl Scudder, a senior partner of Nelson & Harding and principal attorney for the incorporation project, drafted and sent a letter to Thompson on November 4, identifying the nature of the representation and applicable billing charges. The letter was sent with a cover letter which identified it as an "engagement letter." Thompson signed the letter beneath the heading "Agreed and Accepted," without any indication of corporate capacity.

Following the November 4 letter, Nelson & Harding filed articles of incorporation for Ethanair and sent bills for legal services on a monthly basis to Thompson's personal residence. These bills were addressed to Ethanair in care of Thompson.

In January 1989, Nelson & Harding merged into HBRR. Vistar financed HBRR's acquisition of Nelson & Harding, and HBRR pledged all of its accounts receivable to Vistar as security for the loan.

On March 6, 1989, HBRR sent a final billing to Thompson for legal services in the amount of $64,547.21. On March 13,

HBRR assigned Thompson's account to Vistar for collection. In December 1991, Vistar filed this lawsuit against Thompson and Ethanair for alleged nonpayment of the account. Ethanair subsequently was dismissed as a party defendant.

The parties waived a jury trial, and the case was tried to the Lancaster County District Court in May 1993. At the close of Vistar's case in chief, the district court sustained Thompson's motion for directed verdict on the ground that Vistar failed to sustain its burden of proof. Vistar appealed to this court, and we reversed, and remanded, holding that the district court erred by requiring Vistar to prove that there had been no payment on the account, since payment on a debt is an affirmative defense, and the burden of proving it rests with the party alleging it. *Vistar Bank v. Thompson*, 247 Neb. 856, 530 N.W.2d 910 (1995).

Following remand, Thompson presented his defense to the district court in August 1995. The district court, in its order of November 27, 1995, found Thompson to be personally liable to Vistar and entered judgment in favor of Vistar in the amount of $64,547.21. It is from this order that Thompson now appeals.

On appeal, Thompson alleges that the district court erred (1) in finding him personally indebted to Vistar in the sum of $64,547.21 and (2) in finding that Vistar had sustained its burden of proof.

In an appellate review of a bench trial in a law action, the trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *Blanchard v. City of Ralston*, 251 Neb. 706, 559 N.W.2d 735 (1997); *Hill v. City of Lincoln*, 249 Neb. 88, 541 N.W.2d 655 (1996). In reviewing a judgment awarded in a bench trial, the appellate court does not reweigh the evidence, but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Sherrod v. State*, 251 Neb. 355, 557 N.W.2d 634 (1997); *Cotton v. Ostroski*, 250 Neb. 911, 554 N.W.2d 130 (1996).

In his first assignment of error, Thompson claims that he is not personally liable for the payment of legal fees to Nelson & Harding because Ethanair was the firm's client, and not

Thompson. Thompson testified at trial that he signed the "pre-incorporation letter" of November 4, 1987, based on "the specific understanding we have that this would permit [Nelson & Harding] to move forward with the incorporation of Ethanair Corporation." He testified that discussions with Scudder in October 1987 were to the effect that Ethanair would be the client following incorporation and that Thompson had not asked anyone at Nelson & Harding to represent him on an individual basis.

Vistar argues that the November 4, 1987, letter is not a "pre-incorporation letter," but is a contract for legal services which obligates Thompson personally for payment of the account. Vistar also argues that Thompson's testimony indicates his knowledge regarding the use of engagement letters. Thompson testified that when a person signs an engagement letter individually, that person is individually obligated on the account, "[a]bsent some other understanding and arrangement."

The November 4 letter was addressed to Thompson personally and contained the following language:

As indicated in Carl Curtis' letter to *you*, the firm will be pleased to assist *you* in the initial phase of this project without an advance retainer, but arrangements for payment of amounts in excess of the initial $500 of fees might include a retainer, a guaranty by the corporate principal or such other alternative as *you* and the firm may agree is acceptable. Pending resolution of that arrangement, the firm is pleased to welcome *you* as a client and looks forward to providing *you* with such assistance as is needed on *your* project.

(Emphasis supplied.)

Vistar argues that the words "you" and "your" emphasized in the above portion of the letter refer to Thompson and not to Ethanair. Thompson admitted on cross-examination that he did not know of any written documents that supported his alleged "understanding."

The record clearly shows that Vistar explicitly identified the November 4 letter as an "engagement letter" and that Thompson understood the meaning of an engagement letter. On oral argument, Thompson's counsel admitted it was never an issue that Thompson had personally signed the letter.

Thompson's second assignment of error claims that Vistar failed to meet its burden of proof by not presenting any evidence that a debt was actually owed by him. This argument is without merit. We previously ruled against Thompson on this very same issue in *Vistar Bank v. Thompson*, 247 Neb. 856, 857, 530 N.W.2d 910, 911 (1995), where this court held that "the district court committed reversible error by granting Thompson's motion for a directed verdict. First, the record contains a document titled Assignment of Account, indicating that Thompson owed $64,547.21 in attorney fees to Heron Burchette, which had in turn assigned the account to Vistar Bank."

The district court's finding that Thompson is personally liable to Vistar in the amount of $64,547.21 is affirmed.

AFFIRMED.