## HOWARD vs. BOORMAN and others.

Where a corporation is authorized to take a note for any purpose, the presumption in regard to any note executed to it is, that it was executed for a legitimate purpose.

The complaint in an action upon such a note, therefore, need not state facts showing that it was given for a purpose authorized by the charter.

Where a note is payable at a particular place, it is not essential, in an action against the maker, to show a demand at that place at the time it fell due.

An allegation that the plaintiff and another person were co-partners doing business under the name of S. & C. H., and that the note sued on was transferred to the said S. & C. H., shows that the transferees took the note as *partnership* property.

An averment that the plaintiff now owns the note "as surviving partner" of such firm, is also equivalent to an averment that it was partnership property.

A note secured by mortgage and payable to a railroad company *or order*, was transferred as collateral to a bond of the company, which was payable to the bearer and contained a clause assigning and transferring said note and mortgage. In an action by the assignee, the complaint did not show that the note was *attached to the bond. Held,* that if it should appear that the note was given for an unauthorized purpose, the plaintiff could not, under the complaint, claim protection as a *bona fide* indorsee within the decisions in *Cornell vs. Hichens,* 11 Wis., 369, and *Crosby vs. Roub,* 16 id., 616.

APPEAL from the Circuit Court for *Jefferson* County.

This is an appeal by the plaintiff from an order of the circuit court sustaining a demurrer to the complaint. The averments of the complaint, and the grounds of the demurrer, are sufficiently stated in the opinion of the court.

*Barber & Fribert,* for appellant, to the point that the railroad company had authority to take the note and mortgage in pay·ment for stock, or in the ordinary course of its business, cited *Clark vs. Farrington,* 11 Wis., 320; *Blunt vs. Walker,* id., 344. To the point that the note and mortgage must be presumed to have been taken within the legitimate scope of the company's authority, they cited *McFarlan vs. Triton Ins. Co.,* 4 Denio, 392; *Cornell vs. Hichens,* 11 Wis., 369; *Farmers' L. & T. Co. vs. Perry,* 3 Sandf. Ch., 339. To the point that under the pleadings the plaintiff occupied the position of a *bona fide* indorsee of the note and mortgage, and as such was entitled to protection even if the note was taken for an unauthorized purpose, they cited *Cornell vs. Hichens, supra,* and *Crosby vs. Roub,* 16 Wis., 616.

*Johnson & Lindsley,* for respondents:

The railroad company was the primary debtor; the maker of the note and mortgage was only collaterally liable, and could be called on only on default of payment by the company of the coupons attached to its bond. Before an action accrues

to the holder against the maker of the note and mortgage, pre-sentment and demand of payment of the coupons must be made at the place designated in New York, and this present-ment and demand must be alleged in the complaint. It is to be presumed that had the maker of the note and mortgage been notified of the default of payment by the company, after such presentment and demand, he would have paid according to the agreement. He is entitled to the same rights as the drawer of a bill, though perhaps he would not be released by lapse of time in giving notice. 2. It does not appear by the complaint, that the railroad company had authority to receive a conveyance of real estate or take a mortgage upon the same. This court, in *Farrington v. Clark*, held that a railroad company might take notes and mortgages in payment for stock, provid-ed it should be a necessary or convenient means of raising funds to build or equip the road, and not otherwise ; and we think that this fact should distinctly appear in the complaint. 3. The complaint states that the plaintiff brings this action as surviving partner of the firm of S. & C. Howard, but fails to state that the note and mortgage were ever transferred to S. & C. Howard as copartners, or that they ever held the same as partnership property.

*By the Court*, PAINE, J. This action was brought to fore-close what is commonly called a farm mortgage, for the non-payment of interest. The mortgage was given with a note to the Watertown & Madison Rail Road Company, and there is no question that the company might take such a note and mortgage, in the proper execution of its powers to construct a rail road, according to the former decisions of this court.

The court below, however, sustained a demurrer to the com-plaint, for the reason that it only alleged generally that the defendant gave the note and mortgage to the company, and that the company duly transferred them to the plaintiff and his deceased partner, without setting forth specifically the facts

showing that they were given for stock, so as to bring the case within the decisions referred to. But this was unnecessary. Wherever a corporation is authorized to take a note for any purpose, the *prima facie* presumption is, that a note given to it was given for a legitimate purpose. A large number of authorities to this effect, are cited in the argument of counsel in the case of *Clark vs. Farrington*, 11 Wis., 315. See also *Farmers' & Millers' Bank vs. The Detroit & Mil. R. R. Co.* decided by this court at this term (ante. p. 372).

It follows necessarily from this presumption, that it is not essential for the complaint in such cases to show that the note was given for a purpose authorized by the charter, but that it is sufficient to declare on it as would be done if it had been given to a natural person.

It is also contended by the appellant, that even though this note and mortgage were given for an unauthorized purpose, still the plaintiff appears to be a *bona fide* indorsee for value, and that therefore the complaint is good in his favor upon the doctrine sanctioned in *Cornell vs. Hichens*, 11 Wis., 369, and many other similar cases. But this note was payable to the company or its *order*, and the complaint hardly states enough to show an indorsement of it, within the decision of this court in *Crosby v. Roub*, 16 Wis., 616. In that case, as in this, the note was transferred as collateral to the bond of the company, which was payable to bearer, and the transfer of the note was contained in the bond itself, as it is here. But it further appeared in that case, that the note was attached to the bond; and that was a very material fact upon which to base the conclusion that it must be held to be an indorsement, so as to transfer the legal title. This complaint fails to show that fact, and consequently, if it appeared that the note was given for an unauthorized purpose, the plaintiff, on its allegations, would not be in a position to claim protection as a *bona fide* indorsee, within that decision.

But however material this question may become in the ulti

mate determination of the case, it is immaterial on the demurrer, for the reason already given, that the presumption is *prima facie* in favor of the validity of the note. And upon the allegations of the complaint the plaintiff appears to be at least an assignee of the note, and authorized, as the law now is, to maintain the action in his own name.

This note was made payable at the office of the Farmers' Loan and Trust Company in New York; and it is objected that the complaint is defective in not averring a presentment there. But it is too well settled to need examination here, that where a note is payable at a particular place, it is not essential, in maintaining an action against the maker, to show a demand at that place, at the time it fell due.

The complaint also sufficiently shows that the note and mortgage were purchased by the plaintiff and his deceased partner as partnership property. It avers that they were copartners in trade, doing business under the name of " S. & C. Howard," and that the note and mortgage were transferred to the said " S. & C. Howard ; " which, being a firm name, shows a transfer to the firm. The complaint also avers that the plaintiff now owns the note " as surviving partner," which is equivalent to an allegation that it was partnership property. This must certainly be held sufficient.

The order sustaining the demurrer is reversed, with costs, and the cause remanded for further proceedings.