YOHO-VENNER MOTOR COMPANY, APPELLANT, V. ANDERSON MOTOR COMPANY, APPELLEE.

FILED MAY 23, 1925.   No. 23108.

Pleading: VARIANCE. When an action has been commenced in an inferior court and by agreement of parties the action is dis-

missed without prejudice, the plaintiff may thereafter commence the action in the district court without regard to the issues pleaded in the inferior court.

APPEAL from the district court for Douglas county. ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Harry R. Ankeny* and *A. Moore Berry*, for appellant.

*Brogan, Ellick & Raymond, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMP-SON, JJ., REDICK and SHEPHERD, District Judges.

PER CURIAM.

This is an appeal by plaintiff from an order dismissing the second and third causes of action from plaintiff's amended petition. It appears that an action was originally commenced in the municipal court of Omaha by the plaintiff to recover from the defendant $1,000. The petition alleged, in substance, that on August 15, 1919, the plaintiff and defendant entered into a contract by the terms of which the plaintiff was required to and did deposit with the defendant the sum of $1,000 as a guaranty for the faithful performance of the plaintiff's part of the contract; that the defendant failed to comply with the terms of the contract; that thereupon the plaintiff, in May, 1920, rescinded the contract and demanded a return of the $1,000, which the defendant refused to return.

A few days later the defendant entered its voluntary appearance. Still later the defendant filed an amended answer, alleging a breach of the contract on the part of the plaintiff, and asking for damages in the sum of $1,584.40. The amount thus claimed was in excess of the jurisdiction of the municipal court.

On May 22, 1922, a stipulation was entered into between the parties, reciting: "That said action now pending in the municipal court of the city of Omaha, Douglas county, Nebraska, may be dismissed without prejudice, each party paying its own costs herein, and that said action may be promptly filed in the district court of Douglas county, Ne-

braska, and that defendant will promptly make up said pleadings without the issuance and service of summons upon said defendant."

On August 22, 1922, the plaintiff filed a petition in the district court which was in substance the same as the petition in municipal court. Defendant filed its general appearance and a motion to make the petition more definite and certain. Thereupon the plaintiff filed an amended petition containing three counts. The first count was substantially the same as the original petition, and sought to recover the $1,000 which plaintiff had deposited with the defendant. The second count claimed $15,000 damages for defendant's failure to ship to the plaintiff the automobiles as stipulated in the contract. The third count claimed $75 for the failure on the part of the defendant to properly wrap the automobiles which were shipped, whereby the cars became damaged in shipment. To this amended petition the defendant filed a motion to strike the second and third counts, on the ground that the matters set out in these causes of action constituted a variance from the cause of action filed in the municipal court.

The trial court sustained the motion, the record reciting: "That the court is of the opinion that the facts before the court and the written stipulation of the parties on file transferring this case from the municipal court to this court have the same effect and should be considered as if the same had been appealed from the lower court to this court and should be treated accordingly."

The court thereupon dismissed the second and third counts of the amended petition.

It is now urged by the appellant that in so ruling the district court erred. It is clear that the action filed in the district court cannot be regarded as an appeal from the judgment of the municipal court. The issues between the parties were never tried. No judgment on the issues was ever rendered. By stipulation of the parties the action was to be dismissed without prejudice. Presumably this was done. It was evidently the theory of the trial court that the

parties had agreed that the case should be tried in the district court upon the same issues as were tendered in the municipal court. The stipulation simply recites that the action should be dismissed without prejudice, each party to pay its own costs, and that, upon the filing of the action in the district court, the defendant would promptly make up the issues. There is nothing in the stipulation limiting the parties to the issues presented in the municipal court. The right to bring the action anew in the district court was probably advantageous to both parties. It enabled the plaintiff to set forth its complete demands, and also enabled the defendant to have adjudicated its entire claim. In the municipal court any judgment that the defendant might recover would have been limited to the jurisdiction of that court. We are of the view that the interpretation placed by the trial court upon the stipulation was too restrictive, and that the court was in error in dismissing from plaintiff's amended petition the second and third counts thereof.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

