PRESTIN, Respondent, v. BAUMGARTNER, Appellant.

*No. 283. Argued June 1, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 825.)

576

For the appellant there were briefs by *Alexander N. Rubin*, attorney, and *Walter F. Gregorski* of counsel, both of Milwaukee, and oral argument by *Mr. Gregorski*.

For the respondent there was a brief by *Ray T. McCann*, attorney, and *Leonard L. Loeb*, of counsel, both of Milwaukee, and oral argument by *Mr. Loeb*.

HANLEY, J. The sole issue on this appeal is as follows: Was the defendant's answer sufficient either to negate the essential allegations of the plaintiff's complaint or to raise an affirmative defense thereto?

The plaintiff's contention here, as in the trial court, is that the defendant's answer was comprised of negative pregnants and was insufficient to place the allegations of the complaint in issue.[2]

Negative pregnants occur in responsive pleadings where, as in the instant answer, the denials are stated in the very words employed in the complaint. Such denials

---

[2] For discussion of negative pregnants, *see generally: Spence v. Spence* (1863), 17 Wis. 462 (*448); *Schaetzel v. Germantown Farmers' Mut. Ins. Co.* (1868), 22 Wis. 393 (*412); *Argard v. Parker* (1892), 81 Wis. 581, 51 N. W. 1012; *Grimm v. Town of Washburn* (1898), 100 Wis. 229, 75 N. W. 984; and *Carpenter v. Town of Rolling* (1900), 107 Wis. 559, 83 N. W. 953.

were condemned by this court as early as *Schaetzel v. Germantown Farmers' Mut. Ins. Co., supra,* because they are pregnant with alternative admissions to the allegations of the complaint. An examination of the denials contained in defendant's answer reveals that, although they are not framed in the exact words of the complaint, the similarity is indeed striking. The most crucial shortcoming of the defendant's answer, however, is its admission that he executed the written instrument, which was under seal, yet failed to allege an affirmative defense to its collection.

Under sec. 891.27, Stats., a seal upon an executory instrument is presumptive evidence of sufficient consideration. *See: Estate of Cortte* (1939), 230 Wis. 103, 106, 283 N. W. 336; *Spankus v. West* (1936), 222 Wis. 238, 267 N. W. 910. It is defendant's contention on this appeal that denial of the receipt of the $2,000 and denial that a loan was made constitute the inferential allegation of gift as a defense. In support of this contention, he relies upon sec. 263.27, Stats., which states:

"**Pleadings liberally construed.** In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

While it is true that pleadings are to be liberally construed, sec. 263.13, Stats., states:

"The answer of the defendant must contain:
"(1) . . .
"(2) A statement of any new matter constituting a defense, *in ordinary and concise language,* without repetition." (Emphasis supplied.)

Sec. 263.16, Stats., further requires that:

"The defendant may set forth, by answer, all defenses . . . he has, whether legal or equitable, or both; *they must be separately stated.*" (Emphasis supplied.)

As a defense, the claim that money was given as a gift is closely akin to the defense of lack of consideration. When claiming lack of consideration, one would assert that he received nothing in consideration for his promise to pay a sum of money, while, when claiming receipt of a gift, one would assert that his promise to repay a sum of money was both unnecessary and ineffectual.

Contrary to the contention of the defendant, we think that the answer here under consideration cannot be interpreted to include the defense of gift or lack of consideration.

Pleadings are intended to fairly apprise the opposing party of the matters to be tried. This court in *Johann v. Milwaukee Electric Tool Corp.* (1955), 270 Wis. 573, 582, 72 N. W. 2d 401, stated that failure of consideration was an affirmative defense and that the facts constituting failure of consideration must be pleaded. The defendant's mere denial that he had received $2,000, beside being a negative pregnant and admitting to the possibility that some other sum was received, is insufficient to raise the defense of lack of consideration. Restatement, 1 *Contracts,* p. 80, sec. 75 (2), states:

"*Consideration may be given to the promisor or to some other person.* It may be given by the promisee or by some other person." (Emphasis supplied.)

The defendant's denial of the receipt of the $2,000 thus left open the possibility that someone else received the money at his request. In such circumstances, there is no lack of consideration.

As to the pleading of gifts, it was held in *Peters v. Peters Auto Sales, Inc.* (1967), 37 Wis. 2d 346, 350, 155 N. W. 2d 85, that a party seeking to establish the existence of a gift must allege all the essential elements of a completed gift. These elements included: "(1) Intention to give, (2) delivery, (3) end of dominion by donor, (4) creation of dominion in donee. . . ."

It is obvious from the defendant's answer that such elements have not been pleaded. Since the answer in the instant case admits the execution of a note under seal and fails to plead an affirmative defense thereto, the motion on the pleadings was properly granted.

*By the Court.*—Order affirmed.