ELIAS M. LOEW vs. STEPHEN G. MINASIAN & others.

Suffolk.   November 3, 1971. — March 13, 1972.

Present: TAURO, C.J., CUTTER, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Practice, Civil,* Summary judgment, Waiver, Prima facie case. *Waiver.*

In an action on a promissory note, a motion for summary judgment was properly allowed where the plaintiff established a prima facie case by producing the note, on which the signatures were admitted by the defendants, and the defendants, at the hearing on the motion, presented nothing to support affirmative defences pleaded in their answer and thereby waived them. [390–391]

CONTRACT.   Writ in the Superior Court dated November 13, 1969.

A motion for summary judgment by the plaintiff was allowed by *DeSaulnier, J.,* and the defendants appealed.

*Arshag A. Mazmanian* for the defendants.

*Robert L. Caporale* for the plaintiff.

REARDON, J.   This amended declaration in contract alleged that the three defendants made a demand note payable to the plaintiff in the amount of $17,500, with interest as provided in the note, on or about September 12, 1968, and have refused to pay the same on a demand made on or about October 1, 1969.   A copy of the note was attached to the declaration.   The defendants' answers pleaded (1) general denial, (2) payment, (3) lack of consideration, (4) failure of consideration, and (5) denial of genuineness of signatures.   The defendants then admitted, by their failure to respond to the plaintiff's notice to admit facts, G. L. c. 231, § 69, (1) that the signatures on the note were theirs, (2) that no payments on the note had been made, and (3) that the note was currently in default.[1]   The plaintiff then moved for sum-

---

[1] We assume that "default" in this context means merely that the note has not been paid by anyone.   See *Nylen* v. *Geeraert,* 246 Md. 4, 10.   Therefore, the admission does not concede that the defendants had a legal obligation to make the payment.

mary judgment under G. L. c. 231, § 59. The motion was accompanied by an affidavit of counsel that in his belief there was no genuine issue of material fact involved in the action. The judge granted the motion for summary judgment, from which the defendants appeal.

Under the Uniform Commercial Code, G. L. c. 106, § 3–306 (c) and § 3–307 (2), the plaintiff establishes a prima facie case by producing the instrument and proving the signatures. The defendant then has the burden of proof on defences such as want or failure of consideration, or nondelivery of the instrument. If in this case there were genuine issues of material fact raised by the defendants' affirmative defences, the defendants had the burden of demonstrating this at the hearing on the motion for summary judgment by the methods available under G. L. c. 231, § 59. See *Urbano* v. *Ouimet Stay & Leather Co.* 355 Mass. 32, 39–40. It would appear that a prima facie case was made for the plaintiff on the pleadings and the facts admitted. The defendants did not follow up on their contentions that they had legal defences involving lack of delivery of the note, lack of consideration for the note, and failure of consideration. There were no facts presented by the defendants to the judge to bolster these alleged defences. The defendants had ample opportunity at the time of the hearing on the motion to place before the judge the defences which they now argue to us. We consider their failure in this regard to constitute a waiver. It is evident that no attempt has been made by the defendants to implement the defences which they now assert, and in view of that fact the appeal lacks merit.

*Order for judgment affirmed.*