GERALD POLAND ET AL., APPELLEES, v. ROBERT E. GIBSON
ET AL., APPELLANTS.
211 N. W. 2d 900

Filed November 9, 1973. No. 38964.

Padley & Dudden, for appellants.

James R. Kelly, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The plaintiffs recovered in the court below, by virtue of a verdict directed in their favor, judgment against the defendants for $5,800, the unpaid balance of a promissory note dated November 19, 1964, and for $2,873.75, the price of cattle purchased by the defendants from the plaintiffs. The defendants appealed and assign as error: (1) The court's refusal to receive evidence that the obligation in question had been paid in whole or in part by labor performed for the plaintiffs by the defendant Robert E. Gibson; and (2) that the court should have submitted to the jury the question of alteration of the note by completion thereof.

A brief statement with reference to the pleadings in the case and the court's action with reference thereto is essential to a proper understanding of the trial court's action. The defendants, in their answer to the cause of action on the promissory note, pled nonexecution. Their answer to the second cause of action, insofar as it is material under the errors assigned and argued, was a general denial. The answer of the defendants included a cross-petition for work and labor performed by the defendant Robert E. Gibson for the plaintiffs during the period April 1, 1963, to June 20, 1966, as well as a claim for other items allegedly growing out of transactions during the same period of time. On

motions by the respective parties for summary judgment the court struck from the pleadings the cross-petition of the defendants and from the petition of the plaintiffs a third cause of action, all on the grounds that the pleadings showed upon their face that the causes were barred by the statute of limitations.

Upon the trial of the case the uncontradicted evidence showed the execution and delivery of the promissory note by the defendants to the plaintiffs; that the $5,800 balance was for money loaned to Robert E. Gibson at an earlier date as a downpayment on a farm which he had purchased; that the loan had not been repaid; and that the defendant Gibson had purchased from the Polands 20 stock cows for the price of $2,873.75 which had not been paid. The defendants sought to prove that the obligations had been paid for by farm labor furnished by Robert E. Gibson to the Polands. The labor in question was the same labor for which the defendants had sought recovery in their cross-petition which had been stricken. The trial court refused the offer of proof and excluded the evidence.

The issue made by the pleadings insofar as the action on the note is concerned was execution, which under our law includes execution and delivery. In re Estate of Tynan, 142 Neb. 671, 7 N. W. 2d 628. All other allegations of the petition were admitted by failure to deny. On the cause of action for cattle sold and delivered the answer was a general denial. On both causes the defendants sought to prove payment in the manner hereinbefore indicated. In the case of the promissory note they presented evidence that the note had been signed and delivered in blank. This was disputed by the plaintiffs' testimony, but in any event there was no evidence that the note was completed in a manner not authorized.

The following principles govern the disposition of this case. The defense of payment is an affirmative one which must be pleaded and the burden of proof on the issue is on the party asserting it. Ashland Land &

Live-Stock Co. v. May, 51 Neb. 474, 71 N. W. 67; Mains v. Mains, 1 Neb. Unoff. 679, 95 N. W. 776; Department of Banking v. Lawhead, 181 Neb. 722, 150 N. W. 2d 734. Evidence that an instrument sued on has been materially altered is inadmissible under a general denial. Gandy v. Estate of Bissell, 72 Neb. 356, 100 N. W. 803. The filling of blanks in a written instrument is not, strictly speaking, an alteration of the instrument. Where a blank is filled in after the execution and delivery of a written instrument, it is a question of authority to do so. The right to fill blanks in a written instrument after execution and delivery is based upon an assumption of consent, in the absence of specific instructions, and the leaving of such blanks is considered to imply authority to fill them, and creates an agency in the receiver to do so in the way contemplated by the maker. Musser v. Zurcher, 180 Neb. 882, 146 N. W. 2d 559. A verdict should be directed where the evidence is not sufficient to reasonably satisfy a jury that the fact sought to be proved is established. Dodge County Bank v. Courtney & Co., 94 Neb. 561, 143 N. W. 806; Department of Banking v. Lawhead, *supra*.

AFFIRMED.