HI-POINT LAND AND CATTLE COMPANY, INCORPORATED, APPELLANT, V. ELMER SCHLAPHOFF ET AL., APPELLEES.
226 N. W. 2d 926

Filed March 6, 1975. No. 39682.

Richard L. Huber, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellees.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and FAHRNBRUCH, District Judge.

NEWTON, J.
Plaintiff seeks an injunction restraining defendants from spraying plaintiff's land to control a noxious weed,

specifically musk thistle. Summary judgment was rendered for defendants. We affirm the judgment.

Plaintiff owns hundreds of acres, a portion of which it does not deny is infested with musk thistle. This action was commenced in 1969 and judgment finally entered in June 1974. Chapter 2, article 9, R. R. S. 1943, provides for the eradication and control of noxious weeds. Plaintiff concedes that notices were served upon it pursuant to section 2-955, R. R. S. 1943, of the act. It does not claim that it has eradicated or controlled the thistles; on the contrary, the record discloses that it has made very little effort to do so. Plaintiff's petition is based solely on the theory that aerial spraying by defendants will damage other vegetation, be harmful to livestock, and pollute streams. The record conclusively refutes these charges except that there would be some damage to other vegetation, but also shows that the damage would be less than that sustained by the uncontrolled spread of thistles.

It will be noted that the noxious weed act authorizes weed authorities to enter upon private lands to control the spread of all noxious weeds when the landowner fails or refuses to act. It further provides that the landowner may not hold weed authorities liable for trespass or damages.

The question presented is clearly one of law, not fact. Is the act unconstitutional as plaintiff asserts, or a valid exercise of the police power? In its brief plaintiff appears to have abandoned the contention of unconstitutionality. Only such errors as are assigned in the brief and discussed will ordinarily be considered on appeal. See Christensen v. Rogers, 172 Neb. 31, 108 N. W. 2d 389. In any event, the constitutionality of such acts appears to be well-established. See, 3 Am. Jur. 2d, Agriculture, §§ 45 and 46, pp. 811 and 813; Annotation, 12 A. L. R. 1143.

Plaintiff complains that the affidavits received in evidence were not made on the basis of personal knowledge.

Its objection is not specific but is apparently aimed at the attachment to the affidavits of statements from recognized authorities. They simply buttressed the statements made from personal knowledge by the affiants.

It is objected that two of the affidavits were not submitted until the day of hearing. This appears to contravene the spirit, if not the specific wording, of section 25-1332, R. R. S. 1943. Plaintiff failed to ask for a continuance and, in any event, the affidavits filed late dealt with facts which plaintiff does not dispute. They charged that plaintiff's property was infested with musk thistles, that they remained uncontrolled, and that in some areas they could only be treated by aerial spraying. Error, if any, was harmless.

Plaintiff also asserts that there were issues of fact to be resolved. It fails to specify what these issues were and as above noted, we fail to find verification for this statement in the record before us.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., not participating in the decision of this case.