CENTER BANK, A CORPORATION, APPELLEE, v. MID-CONTINENT MEATS, INC., A CORPORATION, ET AL., APPELLANTS, IMPLEADED WITH AARON CORPORATION, A CORPORATION, ET AL., APPELLEES.

234 N. W. 2d 902

Filed November 6, 1975. No. 39896.

Thomas J. Walsh of Walsh, Walentine & Miles, for appellants.

Steven J. Riekes of Beber, Richards, Riekes & Brown, for appellee Center Bank.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action on two promissory notes payable on demand. Defendants pleaded a general denial and denied being indebted on the notes. Summary judgment was entered for plaintiff. We affirm the judgment of the District Court.

The notes are dated May 5, 1971, and February 15, 1972, respectively. They are payable on demand and suit was instituted on October 1, 1973. The deposition of Guy Hibbs, a defendant who was also president of the defendant Mid-Continent Meats, Inc., and who appears with Mid-Continent Meats, Inc., as a maker of the notes, concedes the execution and delivery of the notes. The answer does not specifically deny the signatures. Under such circumstances the signatures are admitted

and the holder of the notes is entitled to recover on them unless the defendants establish a defense. See, § 3-307, U. C. C.; Adair v. Adair, 192 Neb. 571, 222 N. W. 2d 908. The burden is upon the defendants to plead and prove such defense. They have not done so. In alleging that they are not indebted on the notes, they have not pleaded a defense as required. " 'The plea nil debet under our system puts in issue no fact and cannot be regarded as a defense.' " Thompson v. Wall, 112 Neb. 196, 199 N. W. 114. They have not pleaded a lack or failure of consideration, payment, or any other pertinent defense, and such defenses must be affirmatively pleaded. See, Poland v. Gibson, 190 Neb. 696, 211 N. W. 2d 900; Hilton v. Correa, 193 N. Y. Supp. 2d 543; Rosenberry v. Clark, 85 Idaho 317, 379 P. 2d 638.

Defendants' contention that an issue of fact existed in regard to the amount due must fail. Plaintiff's petition set out the notes and sums claimed to be due thereon. In an action on a promissory note it is sufficient to set out a copy of the note with the credits and endorsements thereon and to state the amount claimed to be due. See, § 25-837, R. R. S. 1943; Federal Farm Mtg. Corp. v. Hughes, 137 Neb. 454, 289 N. W. 866. This was done in the present instance and the defendants failed, as above mentioned, to challenge the allegation pertaining to the amount due by pleading an affirmative defense in regard to it. The fact that plaintiff took judgment for a lesser amount than that demanded in its petition does not indicate that an issue of fact was presented by this record. Entry of judgment for a lesser amount than that originally prayed for simply corrected an error in a manner beneficial to defendants.

Neither affidavit mentioned in the briefs can be considered. The one submitted by plaintiff was not introduced into evidence. Filing the affidavit is not sufficient. See Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257. The affidavit submitted

by defendants was never received in evidence and was not submitted prior to the day of hearing as required by section 25-1332, R. R. S. 1943.

No error appearing, the judgment of the District Court is affirmed.

AFFIRMED.

BRODKEY, J., not participating.