COLUMBUS BANK AND TRUST COMPANY, A NEBRASKA BANKING CORPORATION, APPELLEE, v. HIGH COUNTRY STABLE, A PARTNERSHIP, DARVIN R. RITCHIE, DIANE F. RITCHIE, GARY L. RITCHIE, EUGENE B. LEY, AND M. B. LEY, APPELLANTS, IMPLEADED WITH WILLIAM C. KARLIN, APPELLEE.

277 N. W. 2d 81

Filed March 27, 1979. No. 41891.

Kelly, Kelly & Kelly, for appellants.

Kennedy, Holland, DeLacy & Svoboda, for appellee Columbus Bank.

Heard before KRIVOSHA, C. J., BOSLAUGH, CLINTON, and WHITE, JJ., and KNAPP, District Judge.

KNAPP, District Judge.

Plaintiff bank brought this action against High Country Stable, a Nebraska partnership; Darvin R. Ritchie, Gary L. Ritchie, Eugene B. Ley, and William C. Karlin, the general partners thereof; and Diane F. Ritchie and M. B. Ley, upon a promissory note executed and delivered to plaintiff by High Country Stable and upon written guaranties covering the partnership's indebtedness executed and delivered to plaintiff by Darvin R. Ritchie and Diane F. Ritchie and by Eugene B. Ley and M. B. Ley. The action was stayed as to defendant Karlin following the filing of a Suggestion in Bankruptcy on his behalf. The remaining defendants answered by general denial.

Following extensive discovery, plaintiff moved for summary judgment, alleging that the pleadings, depositions, and admissions on file, together with plaintiff's supporting affidavit, showed there was no genuine issue as to any material fact and plaintiff was entitled to judgment as a matter of law. The trial court sustained plaintiff's motion, entered judgment against all remaining defendants and overruled defendants' motion for new trial. Defendants appeal, contending that genuine issues as to material facts remain unresolved. We affirm the judgment of the trial court.

The deposition of William Karlin established the execution and delivery of the promissory note and nonpayment thereof. Defendants' admissions established the execution and delivery of the guaranties and nonpayment thereunder. Defendants' answer did not specifically deny the signature on the note and, therefore, section 3-307, U. C. C., applies. That

section provides: "(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. * * *

"(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." Comment 1 following that section states: "The purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice that he must meet a claim of forgery or lack of authority as to the particular signature, and to afford him an opportunity to investigate and obtain evidence." See, also, Center Bank v. Mid-Continent Meats, Inc., 194 Neb. 665, 234 N. W. 2d 902; Adair v. Adair, 192 Neb. 571, 222 N. W. 2d 908.

Defendants' sole contention on appeal is that certain statements in the Karlin deposition can be construed as justification for inferences that funds belonging to defendant partnership may have been wrongfully comingled with another Karlin account and that plaintiff may have received certain insurance proceeds and may have wrongfully failed to apply such proceeds to the account of the partnership and that, because of the possibility of comingling of accounts and the possibility of wrongful failure to apply funds, there exists a factual issue as to the amount due on the note.

The petition set out copies of the note and of the guaranties and alleged the amount claimed to be due. Defendants failed to plead payment, partial payment, wrongful acts, fraud, want of authority, or any other defense that would contravert plaintiff's allegation of amount due. Such defenses must be affirmatively pleaded in order to be available to defendants. Not being pleaded, no issue of fact is presented for determination. Center Bank v. Mid-Continent Meats, Inc., *supra;* Poland v. Gibson, 190 Neb. 696, 211 N. W. 2d 900.

An affirmative defense not pleaded raises no issue.

The existence of a factual dispute relative to a nonexistent issue cannot preclude the rendition of a summary judgment otherwise appropriate. The judgment of the trial court was correct and is affirmed.

AFFIRMED.