JOHN DEERE COMPANY, A CORPORATION, APPELLEE, V. RICHARD L. HAND, APPELLANT.

319 N.W.2d 434

Filed May 14, 1982. No. 44114.

Vince Kirby, for appellant.

Nelson & Harding, John K. Green, and Richard S. Reiser, for appellee.

Heard before BOSLAUGH, CLINTON, and WHITE, JJ., and CLARK and KNAPP, D. JJ.

CLARK, D.J.

The appellant, Richard L. Hand, appeals from an order of the District Court for Cherry County, which sustained a motion for summary judgment against Hand, in favor of the appellee, John Deere Company (Deere), and dismissed Hand's cross-petition for breach of warranties which asked for actual and consequential damages. Hand assigns as error the admission of an affidavit in support of the motion for summary judgment, which was not timely filed and served; the granting of the summary judgment; and the dismissal of the cross-petition. We affirm as to the granting of the motion for summary judgment on Deere's petition, but reverse on dismissal of Hand's cross-petition and remand for further proceedings.

On July 31, 1976, Woods Implement Co. (Woods), a Deere dealership in Valentine, Nebraska, sold to Hand a Deere stackwagon and windrower with hay conditioner, at which time Hand executed a purchase agreement. On August 1, 1976, Hand executed a purchase money security agreement and promissory note, designated a retail installment contract. The contract provided for five yearly installments to cover the remaining part of the purchase price. Hand failed to make any required installment payments. Deere's action for money damages on the

purchase money security agreement and promissory note was begun in January of 1979. Hand did not raise any affirmative defense in his answer, but did cross-petition for breach of express and implied warranties and sought consequential damages.

On July 2, 1980, Deere filed a motion for summary judgment, and hearing was had on the motion on July 17, 1980. At the hearing Deere offered the deposition of Hand and an affidavit of Jerry Garland, an employee of Woods, which were received into evidence. The affidavit of Garland was not served or filed until the time of the hearing. The only objection to the offer of Garland's affidavit was that parts of it were irrelevant, and the affidavit was received subject to that objection. The court granted Hand additional time to respond to the evidence offered by Deere. Hand filed his affidavit on August 1, 1980. Hearing was resumed on January 22, 1981, at which time the court granted summary judgment to Deere on its petition for money damages and dismissed Hand's cross-petition.

Hand assigns as error the court's action in allowing into evidence the affidavit of Garland, since it was not served on Hand prior to the day of the hearing as required by Neb. Rev. Stat. § 25-1332 (Reissue 1979). As previously noted, Hand failed to make timely objection to such offer on the grounds now argued, and the court did allow Hand ample time to file a counteraffidavit, which was in fact filed. If there was any error, it was harmless. See *Hi-Point Land & Cattle Co., Inc. v. Schlaphoff,* 193 Neb. 276, 226 N.W.2d 926 (1975).

The evidence offered by Deere at the hearing on motion for summary judgment fully established the allegations in Deere's petition. Hand pleaded no affirmative defense in his answer and admitted execution of the contract and note. No affirmative defense having been pleaded, no issue of fact was presented to the trial court on Deere's petition, and

summary judgment was proper. See, *Columbus Bank & Trust Co. v. High Country Stable,* 202 Neb. 724, 277 N.W.2d 81 (1979); *Blaha GMC-Jeep, Inc. v. Frerichs, ante* p. 103, 317 N.W.2d 894 (1982). The primary purpose of the summary judgment statute is to pierce sham pleadings and to further dispose of cases where there is no genuine claim or defense. See *Brown v. Nebraska P.P. Dist.,* 209 Neb. 61, 306 N.W.2d 167 (1981). The trial court was correct in granting summary judgment on Deere's petition, and it is affirmed in this regard.

The contract involved herein contained written warranties by Deere which could be summarized as follows: (1) Deere agreed to repair or replace parts which were defective in materials or workmanship for 1 year; (2) A disclaimer of any express warranties or implied warranties of merchantability or fitness for a particular purpose; (3) An exclusion of all incidental or consequential damages; and (4) Dealer (Woods) had no authority to make any representation, promise, modification, or limitation of Deere's written warranty.

Testimony included in Hand's deposition reflected that, following delivery of the equipment, Hand experienced many mechanical problems with the windrower, and that it malfunctioned and parts needed to be replaced. Parts were replaced, but it again malfunctioned. Hand testified that the problems continued throughout 1976 and 1977, and that as a result thereof he was unable to harvest some of his crop and suffered consequential damages. Parts and service were furnished by Deere, through Woods, at no cost to Hand. According to Hand, after many unsuccessful efforts to repair the windrower, it was satisfactorily repaired in August 1977.

In regard to the stacker, or stackwagon, Hand testified that it malfunctioned continuously, that Woods and Hand attempted on many occasions to repair it, unsuccessfully, and that it is not usable to this date.

Hand further deposed that he, on several occasions, had requested fieldmen from Deere to check the stacker out but that this had never occurred, although it had been promised. Hand further stated that he had taken the stacker to Woods' dealership for repair, and on one occasion had left it there for 3 months but that the needed repairs were never made. Hand testified further that he had repaired the stacker by welding parts, as directed by Woods, and that such efforts were only partially and temporarily successful. Hand testified that as a result of the inability to use the stacker he suffered consequential damages.

Deere argues that under the limited warranty, replacement of parts and repair of equipment were all that was required by Deere, that this was done, and that Deere and Woods never refused to work on the two pieces of equipment to attempt to remedy the defects. Deere further claims that under the written warranties, since express or implied warranties of merchantability or fitness for a particular purpose were excluded, as were incidental or consequential damages, the dismissal of Hand's cross-petition should be affirmed.

Under the Nebraska Uniform Commercial Code, it is clear that a seller of equipment can establish exclusive, limited written warranties and limitation of damages as a remedy for breach thereof. Neb. U.C.C. § 2-316 (Reissue 1980). "Repair and replacement" warranties and exclusion of consequential damages, which exclusion is not unconscionable, are allowed. Neb. U.C.C. § 2-719 (Reissue 1980). See, also, *Koperski v. Husker Dodge, Inc.,* 208 Neb. 29, 302 N.W.2d 655 (1981).

However, § 2-719(2) also provides: "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act." The Comment under § 2-719 further provides, in referring to subsection (2):

"[W]here an apparently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this article."

The purpose of an exclusive remedy of "repair or replacement" from a buyer's viewpoint is to give him goods which conform to the contract within a reasonable time after a defect is discovered. Where the seller is given a reasonable chance to correct defects and the equipment still fails to function properly, the limited remedy of repair or replacement of defective parts fails of its essential purpose. In such an event, the buyer may then invoke any remedies available under the Uniform Commercial Code, including breach of warranties of merchantability or fitness for a particular purpose. The same would be true regarding provable consequential damages, even though specifically excluded by the written warranty. See, *Murray v. Holiday Rambler, Inc.,* 83 Wis. 2d 406, 265 N.W.2d 513 (1978); *Goddard v. G.M.C.,* 60 Ohio St. 2d 41, 396 N.E.2d 761 (1979); *Clark v. International Harvester Co.,* 99 Idaho 326, 581 P.2d 784 (1978); *Durfee v. Rod Baxter Imports, Inc.,* 262 N.W.2d 349 (Minn. 1977); *Eckstein v. Cummins,* 41 Ohio App. 2d 1, 321 N.E.2d 897 (1974); *Ehlers v. Chrysler Motors Corp.,* 88 S.D. 612, 226 N.W.2d 157 (1975); *Kure v. Chevrolet Motor Division,* 581 P.2d 603 (Wyo. 1978).

In this case it is clear that there is some evidence that Deere may not have effectively performed its obligation to repair the equipment properly and within a reasonable time. There is, therefore, a question of fact to be determined by the trier of fact as to whether the limited warranties have failed in their purpose so as to deprive Hand of the substantial value of the bargain and thus give Hand the right to pursue other remedies provided by the Uniform Commercial Code. In a motion for summary

judgment the moving party is not entitled to judgment unless there exists no genuine issue as to any material fact and where, under the facts, he is entitled to judgment as a matter of law. Further, the court should take the view of the evidence most favorable to the party against whom the motion is directed and give to that party the benefit of all favorable inferences which may reasonably be drawn from the evidence. If reasonable persons might reach different conclusions, the motion should be denied and the case tried on its merits. See *Brown v. Nebraska P.P. Dist.,* 209 Neb. 61, 306 N.W.2d 167 (1981).

The District Court is reversed in its action in dismissal of the cross-petition of defendant Hand, and the matter is remanded for trial on that issue. The District Court is affirmed in its action granting summary judgment on the petition of plaintiff Deere.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.