JOHN H. PABST, APPELLEE, V. FIRST AMERICAN DISTRIBUTING, INC., A CORPORATION, AND DENNIS KRASSER, APPELLANTS.

386 N.W.2d 422

Filed May 2, 1986.   No. 84-847.

John M. DiMari of Respeliers & DiMari, for appellants.

Steven E. Guenzel of Barlow, Johnson, DeMars & Flodman, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Grant, J.

Plaintiff-appellee, John H. Pabst, brought an action in three counts against defendants-appellants, First American Distributing, Inc., a corporation, and Dennis Krasser, based on a purchase agreement and promissory note executed on September 7, 1983. After hearing, the trial court granted plaintiff's motion for summary judgment on the first count and denied such motion as to counts two and three. Defendants appeal, alleging that the court erred in granting summary judgment when an amended answer set forth in detail an affirmative defense, and in entering judgment for $9,000 when "prior to the hearing the parties entered into a written stipulation that called for payments totalling $6,500.00 in return for dismissal of the action." We affirm.

We note initially that there is no bill of exceptions filed in this court as required by Neb. Ct. R. 5C(5) (rev. 1983). Accordingly, we examine only the transcript filed in this court to determine if the pleadings therein support the judgment entered. *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983).

In the first count of his petition against defendants, filed on December 27, 1983, Pabst alleged that on September 7, 1983, First American executed and delivered to Pabst a promissory note in the amount of $10,000 in connection with a purchase agreement for the sale of Pabst's business to First American. Krasser personally guaranteed the performance of the contract by First American and personally guaranteed the promissory note. The note was to be paid in nine consecutive monthly installments of $1,000, beginning on September 27, 1983. Although Pabst's petition alleged the note was for $10,000, the note itself discloses it was for $9,000, and the purchase agreement shows the total price was $10,000 with $1,000 paid down and the remainder represented by the $9,000 promissory note.

The petition further alleged that demand had been made on each defendant, that defendants were in default, and that Pabst had elected to declare the note due and the outstanding balance of $9,000 payable at once, as authorized by the terms of the

note.

On February 21, 1984, defendants filed their answer generally denying the allegations of the petition.

. On March 20, 1984, Pabst served on defendants a request for admission of facts and genuineness of documents. In that request Pabst sought defendants' admissions that Krasser had personally guaranteed the note and that Pabst had demanded payment of the note from defendants. On May 9, 1984, Pabst filed a motion for summary judgment based in part on defendants' failure to respond to Pabst's request for admissions. On May 18, 1984, defendants filed their answers to Pabst's request. In those answers defendants admitted the facts set out above.

No hearing was held on Pabst's summary judgment motion. On June 1, 1984, all parties entered into a stipulation in which defendants acknowledged they owed $6,500 to Pabst, agreed to pay that sum to Pabst on or before June 21, 1984, and agreed that if defendants did not so pay, the stipulation could be used as a confession of judgment in the amount of $6,500. Pabst agreed to dismiss the suit if that payment were made.

No payment was made pursuant to this stipulation. On August 1, 1984, Pabst filed a second motion for summary judgment. In that motion Pabst stated the above stipulation had been entered into but that since no payments had been made he elected to repudiate that compromise, and sought judgment in the original amount of $9,000. This motion was set for hearing on August 27, 1984. On August 28, 1984, defendants filed an amended answer to Pabst's petition. This amended answer generally denied the allegations of the petition and, for the first time, alleged an affirmative defense "that there was a failure of consideration . . . for any note alleged to be executed" by defendants.

On October 2, 1984, the trial court entered its order reciting that the matter came on for hearing on August 27, 1984, and granted Pabst's motion for summary judgment as to the promissory note and denied the motion as to the second and third causes of action. The trial court entered judgment in favor of Pabst and against defendants "in the sum of $9,000.00, together with interest at the legal rate from and after October 7,

1983."

The pleadings clearly support the judgment as entered. An affirmative defense was raised by an answer filed the day after the summary judgment was submitted. Such a filing is a nullity insofar as prior proceedings are concerned. The case was properly considered to be submitted on plaintiff's petition and defendants' general denial. The petition alleged that a copy of the note was attached and the signature of defendants was admitted. In an action on a promissory note in which defendants fail to plead affirmative defenses, such as lack of consideration or any other defense that would controvert the amount due, no issue of fact is presented for determination and plaintiff is entitled to summary judgment. *Center Bank v. Mid-Continent Meats, Inc.*, 194 Neb. 665, 234 N.W.2d 902 (1975); *Columbus Bank & Trust Co. v. High Country Stable*, 202 Neb. 724, 277 N.W.2d 81 (1979). Summary judgment was properly granted to plaintiff.

With regard to appellants' second assignment of error, they seem to claim the right to use an instrument they refused to comply with. Pabst had the right to choose not to be bound by an offer of settlement not complied with.

The judgment is affirmed.

AFFIRMED.