**Mabel Kessler, Administratrix of the Estate of Fred F. Kessler, Deceased, Plaintiff-Appellant, v. Frank Lepiane and Edmier, Inc., a Corporation, Defendants-Appellees.**

Gen. No. 50,503.

First District, Second Division.

February 15, 1966.

Erwin Cohn, of Chicago, for appellant.

Gerrard & Gerrard, of Chicago (Michael A. Gerrard and Allen S. Gerrard, of counsel), for Frank Lepiane, defendant-appellee. Robert Emmett Lee, of Chicago, for Edmier, Inc., defendant-appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment entered on a directed verdict returned October 26, 1964 in the Circuit Court of Cook County. The Court below directed the verdict at the close of the plaintiff's case and she appeals saying that evidence was adduced as part of her proof which supported her claim against the two defendants.

Plaintiff's deceased was killed in an automobile accident with a Cadillac owned by the defendant Lepiane. She brought this action against Lepiane and Edmier, Inc., as Lepiane's employer under the doctrine of respondeat superior. Plaintiff contends there was substantial evidence to support her contention that Lepiane left his automobile unattended on a public highway with the key in the ignition and the motor running in violation of the Uniform Traffic Act. Ill Rev Stats (1959) chap 95½, sec 189. That section reads:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without

first stopping the engine, locking the ignition and removing the key . . ."

Chap 95½, sec 117 states that the provisions of the act shall apply only to the operation of vehicles upon highways with certain exceptions not applicable here.

■ The defendants urge that the evidence is clear the automobile was not left on a highway, but was parked on private property and was, therefore, outside the prohibition of the above-quoted statute. While the complaint alleged both common law negligence and negligence in the violation of the statute, the appeal is based only on the theory that the plaintiff made a prima facie case with regard to a violation of the statute. Under the rules of this court, the claim so far as it pertains to common law negligence is considered waived. Ill Rev Stats (1965) chap 110, sec 201.7.

The plaintiff's case insofar as it bears on the question before us was as follows:

Frank Lepiane, one of the defendants, was called as an adverse witness under sec 60 of the Civil Practice Act. Ill Rev Stats (1963) chap 110, sec 60. This witness does not speak the English language well, thereby making his testimony somewhat unclear, at least from reading it in the record. He testified he did not read English easily and all he could write in this language was his name. He said at the trial that when he finished work at 5:00 a. m. the morning of the accident, he drove his car to Johnny's Grill, a short order restaurant and parked his car while he went in for some coffee. While he was having his coffee, his car was stolen. There is no doubt but that the car was stolen by Harold Jeffries, whose deposition we shall discuss shortly. The witness testified, "My car was parked in the parking lot next to the alley adjoining Johnny's Grill. I put an 'x' at the place where my car was parked." An exhibit shows a photograph of

a parking lot next to Johnny's Grill with an "x" in one of the parking places. He testified that he did not park in front of the restaurant, but on the side. "On the side you've got a parking lot, some call it a street, some call it a parking lot, some call it an alley." As we noted earlier, the meaning of the printed record is difficult to follow, but the exhibit showing an "x" where the witness stated he was parked would seem to clear up any ambiguity that adheres to the printed record.

There was attempted impeachment of this witness from a discovery deposition taken several years earlier. It is difficult to tell whether there was in fact a variance in the testimony or if such problems as there were were caused by Lepiane's language difficulties.

The deposition of Harold Jeffries, the man who stole the automobile, was admitted into evidence. The deposition shows it was being taken in the Missouri State Penitentiary. Jeffries testified that he stole the car while on medical parole from the Illinois State Penitentiary. He stated that he had been drinking for several hours that evening and that he stole the car because he did not see any streetcars running. "I went up the street about a half-block and there was this Cadillac there, with the keys in the ignition, with the motor running, and I got in it and drove it down Cicero and Belden and turned up Belden, and had a traffic accident at Sacramento and Belden."

As to the location of the automobile when he stole it, this witness testified, "It was parked alongside of a small restaurant. The restaurant was on the street, with an alley running alongside of it, and the Cadillac was parked just around the side of the restaurant, pointed up the alley."

The defendants insist that there is no alley on the side of the restaurant, but only a private parking lot which goes along the side and rear of the building. The plaintiff had photographs put into evidence which pur-

4

port to show an alley at the side of the restaurant. We have examined these photographs carefully and are constrained to say we see no alley. If the plaintiff seeks to show a violation of a statute in that one of the defendants left his car unattended with the motor running on a public way, she must show that the car was indeed left on a public way. The photographs show a parking area behind the building. The photographs do not show an alley.

■ Considering the evidence, we cannot say that the Court below was wrong in directing a verdict for the defendants. Although two witnesses refer to an "alley." Lepiane specifically said that while some called it an alley it was in fact a parking lot. The other witness, Jeffries, referred to an "alley," but he was not cross-examined as to what he meant by an "alley." The testimony that the car was parked in an alley cannot be accepted as true. The photographs fully substantiate the claim of the defendants that the car was not parked on a public highway. The statutory offense set forth in the complaint, therefore, cannot be proved.

■ Since the judgment for Lepiane is being affirmed, the judgment against Edmier, Inc. must be affirmed also. The basis of the claim against Edmier, Inc. being one of respondeat superior, it cannot be held liable where the agent is shown free of responsibility.

For the reasons given above, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.