562

1972 Supp., ch. 38, par. 1005—4—1(d)(3)). There is no comparable provision for stating to the department the amount of time served on probation to enable administrative application of sentence credit as provided in paragraph 1005—6—4(h). It is therefore necessary for us to remand to the trial court with instructions that the trial court determine the amount of time spent on probation and issue an amended *mittimus* to reflect this time served.

Defendant's maximum sentence on the charge of bail jumping is reduced to a term of three years and defendant's minimum sentence on the charge of armed robbery is reduced to a term of three years and four months. The judgments of the circuit court of Cook County, as modified, are affirmed and the case is remanded to the trial court with instructions to issue as amended *mittimus* to credit defendant with time served on probation.

Judgments affirmed as modified; cause remanded with instructions.

EGAN, J., took no part.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM J. BRINSON, Defendant-Appellant.

(No. 58454;

First District (1st Division)—December 17, 1973.

PER CURIAM.

EGAN, J., took no part.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard J. Carey, State's Attorney, of Chicago, (Kenneth L. Gilles, Assistant State's Attorney, of counsel), for the People.

THE PEOPLE ex rel. ALVIA MAXWELL, Plaintiff-Appellee, v. JAMES B. CONLISK, JR. et al., Defendants-Appellants.

(No. 57143;

First District (2nd Division)—December 18, 1973.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellants.