LICHTER, and another, Plaintiffs-Respondents, v. FRITSCH, Defendant: PRATT, and another, Appellants.

*No. 75–429. Submitted on briefs March 3, 1977.—Decided April 19, 1977.*
(Also reported in 252 N. W. 2d 360.)

For the appellants the cause was submitted on the brief of *S. Michael Wilk* and *Heide, Sheldon, Hartley, Thom & Wilk* of Kenosha.

For the respondents the cause was submitted on the brief of *Vaudreuil & Vaudreuil* of Kenosha.

ROBERT W. HANSEN, J. This case is concerned with the extent of the liability of the owner of a car to third parties who have been injured by the negligence of a thief driving the car after the owner had left his keys in the ignition of his unattended car. The plaintiffs in the instant case, the injured third parties, contend that the owner is liable to them under Wisconsin and Illinois law. The owner and his insurer contend that he is not liable under Wisconsin law and that in this case, Wisconsin, rather than Illinois, law should be applied. The circuit court agreed with the defendants that there would be no cause of action under Wisconsin law; but concluded that Illinois law should apply as to the liability of the owner.

It is necessary to determine whether Pratt could be held liable to the plaintiffs under Wisconsin law; whether there is a conflict between Illinois and Wisconsin law, and, if so, which applies here; and, finally, whether the amended complaint states facts sufficient to constitute a cause of action under the applicable law.

*Wisconsin law.*

In *Meihost v. Meihost*[1] the court held that the owner who left his keys in his unattended car was not negligent because under the particular circumstances of that case he could not have reasonably anticipated the theft that occurred and he could not have reasonably foreseen that harm would result to the plaintiffs. The owner had parked his car in a residential area, removed the key from the ignition, but left a key secreted in a Band-Aid box in the glove compartment. The court added in *Meihost*[2] that even if the owner were negligent, public policy considerations would usually direct that he not be held liable for harm to third parties.

In the instant case, the plaintiffs argue that the owner when he left his keys in his unattended car in Illinois was negligent because he should have reasonably anticipated, first, that a car left unattended with doors unlocked and the key in the ignition is likely to be stolen; second, that such a car is more likely to be stolen when

[1] 29 Wis.2d 537, 139 N.W.2d 116 (1966).

[2] *Id.* at 546, the court stating: "Assuming that the key had been left in the ignition it may be that such conduct would be negligence on the part of the owner but, even so, public-policy considerations direct that, under most circumstances, the owner not be held liable for such harm as would result by reason of the injury of persons in a collision caused by the negligent driving of the thief of the car. [Citing in a footnote *Schilling v. Stockel*, 26 Wis.2d 525, 532, 133 N.W.2d 335 (1965)] Under most circumstances, allowance of recovery would place too unreasonable a burden upon the owners (or others having legal custody) of motor vehicles."

left on the grounds of a veteran's hospital for the treatment of the mentally ill; and, third, that a mental patient who steals such a car is likely to operate it in a negligent manner. The plaintiffs argue that because these facts are distinguishable from those in *Meihost,* the owner in this case is negligent and therefore liable.

Not so. Applying *Meihost,* the owner in the instant case is not liable to the plaintiffs under Wisconsin law. It may be assumed, as the plaintiffs argue, the facts show Pratt was negligent in leaving his keys in the unattended car. However, in *Meihost,* the court said that even if the owner were negligent public policy considerations would direct that, under most circumstances, the owner would not be liable for harm caused by the negligent driving of the thief. In the instant case, the plaintiffs have made no attempt to show why this case would constitute the unusual circumstance where public policy considerations would permit the owner to be liable. Therefore, under the holding in *Meihost,* Pratt and his insurer are not liable under Wisconsin law for harm caused to the plaintiffs by Thomas E. Fritsch, who allegedly stole Pratt's car.

*Application of Illinois or Wisconsin law.*

The next consideration is whether Wisconsin or Illinois law should be applied to determine the liability of an owner who leaves his car unattended in Illinois.

In a conflict of law situation, the first step is to determine whether there is a conflict, that is, will the choice of one law as compared to another determine the outcome.[3] In the instant case, there may be a conflict. As discussed above, under Wisconsin law the owner of the vehicle would not be liable to the plaintiffs for injury caused to them by the negligent thief. However, under

[3] *Hunker v. Royal Indemnity Co.,* 57 Wis.2d 588, 598, 204 N.W. 2d 897 (1973).

Illinois law, the owner who leaves his keys in the unattended vehicle may be liable to the injured third parties depending upon where he left the car.

An Illinois statute prohibits the person driving a motor vehicle from permitting the vehicle to stand unattended without first stopping the engine and removing the key.[4] In Illinois, a violation of that statute is prima facie evidence of negligence; and the case goes to a jury for determination as to whether the act of the owner in leaving the keys in the car was a direct and proximate cause of injuries to the third parties.[5] However, the statute applies only to vehicles left on highways, streets or alleys, not private property.[6] Thus, in Illinois if a vehicle is parked on private property, there is no violation of the statute and no prima facie evidence of negligence. If the vehicle is left on private property, the injured third party has no cause of action against the owner who left the keys in the unattended car because in Illinois there is no common law duty on the owner to protect the third party from the negligent driving of a thief.[7]

It can be seen that depending upon where Pratt left his car there may be a conflict between Wisconsin and Illinois law. The next step is to analyze the five choice-influencing considerations to determine which state's law to apply in the instant case:

[4] Ill. Rev. Stat. ch. 95½, sec. 11–1401.

[5] Ney v. Yellow Cab Co., 2 Ill.2d 74, 78–79, 117 N.E.2d 74 (1954); and Kacena v. George W. Bowers Co., 63 Ill.App.2d 27, 211 N.E.2d 563 (1965).

[6] Ill. Rev. Stat. ch. 95½, secs. 11–100 and 11–201; Harper v. Epstein, 16 Ill. App.3d 771, 306 N.E.2d 690 (1973); Kessler v. Lepiane, 69 Ill. App.2d 1, 216 N.E.2d 241 (1966); Childers v. Franklin, 46 Ill App.2d 344, 197 N.E.2d 148 (1964); and Stanko v. Zilien, 33 Ill.App.2d 364, 179 N.E.2d 436 (1962).

[7] Lorang v. Heinz, 108 Ill.App.2d 451, 248 N.E.2d 785 (1969).

" '(A) Predictability of results;

" '(B) Maintenance of interstate and international order;

" '(C) Simplification of the judicial task;

" '(D) Advancement of the forum's governmental interests;

" '(E) Application of the better rule of law.' "[8]

If the choice-influencing considerations do not indicate that the Illinois law is appropriate, the conflict should be resolved by application of the Wisconsin law.[9]

*Predictability of results.*

In a tort action, the question is not whether the parties planned to commit an unintentional act but whether, in the event the unintended contingency occurs, the result, that is, the legal consequence of the unintended act, comports with predictions or expectations of the parties.[10]

Pratt is allegedly an Illinois resident; he allegedly left his car unattended in Illinois; and the car allegedly was stolen in Illinois. Wisconsin's contact with this case stems from the thief driving the car into Wisconsin where the accident occurred.

It is reasonable to assume that Pratt and his insurer expected that Illinois law would be applicable to any claims arising out of his leaving the car unattended in Illinois.

*Maintenance of interstate and international order.*

" 'This criterion requires that a state that is minimally concerned defer to the interests of a state that is substantially concerned.' "[11]

[8] *Hunker v. Royal Indemnity Co., supra,* n. 3, at 599.

[9] *Id.* at 600.

[10] *Id.* at 600.

[11] *Id.* at 601, quoting from *Conklin v. Horner,* 38 Wis.2d 468, 479, 157 N.W.2d 579 (1968).

In the instant case, an Illinois statute and the policy of Illinois are involved by virtue of Pratt leaving his car unattended in Illinois. Discussing the policy of the Illinois statute, the Illinois Supreme Court said in *Ney:*[12]

"The legislature has here used clear and express terms making it the duty of persons in charge of motor vehicles to do certain acts upon leaving their vehicles unattended. The motivation of such legislation is not the State's desire to punish but rather its interest in public welfare for protection of life, limb and property by prevention of recognized hazards."

Illinois is more concerned with Pratt leaving his car unattended than Wisconsin because the car was left in Illinois where the legislature has acted to protect the public.

This choice-influencing consideration calls for the application of Illinois law to determine Pratt's liability to the plaintiffs.

*Simplification of the judicial task.*

If Wisconsin law is applied, the judicial task is easy because there is no cause of action against Pratt and his insurer. Nevertheless, the application of Illinois law does not impose an impossible burden on the Wisconsin courts. Under Illinois law, if the plaintiffs establish a violation of the statute, the case must go to the jury for it to determine whether the act of leaving the keys in the unattended car was a proximate cause of the plaintiffs' injuries. This factor does not prevent the application of Illinois law.

*Advancement of the forum's governmental interests.*

Quoting from other cases, this court said in *Hunker*[13] that Wisconsin law has a policy of providing compensa-

---

[12] *Ney v. Yellow Cab Co., supra,* n. 5, at 78.
[13] *Hunker v. Royal Indemnity Co., supra,* n. 3, at 603.

tion for persons injured by negligent conduct and that a theory on which Wisconsin law is based is to spread the risk to the extent of fault. The court pointed out that it is the policy of Wisconsin's tort laws to compensate those who are injured by negligent acts.

In the instant case, application of Illinois law is consistent with the policy and theory of Wisconsin law to compensate the victim. Thus this consideration also leans in favor of applying Illinois law.

*Application of the better rule of law.*

In *Hunker,*[14] the court indicated that in the past it had selected Wisconsin law as the better law where the court found there was a conflict and the other jurisdiction's law was no longer consonant with a proper resolution of the problem. The court pointed out that in those previous cases it had sought to determine that the acceptance of the other law was declining, and that there was a substantial trend from the rule in other jurisdictions.

In the instant case, the Illinois law holding the owner of the vehicle liable under certain circumstances is contrary to the majority rule and the general common law rule that a car owner is not liable for damages caused by a thief.[15] Wisconsin's position on the issue is with the majority. This consideration may indicate that Illinois law is not the better rule of law because it is a minority view.

---

[14] *Id.* at 606.

[15] *Meihost v. Meihost, supra,* n. 1, at 545; Peck, *An Exercise Based Upon Empirical Data: Liability for Harm Caused by Stolen Automobiles,* 1969 Wis. L. Rev. 909, 910; and Annot, 45 A.L.R.3d 787, 795 (1972).

*Conclusion.*

Based on the balancing of choice-influencing considerations the court concludes that Illinois law should be applied in the instant case to determine the extent of the liability of the owner. The negligence of the owner, if any, was completed in Illinois where he left the car unattended with the keys. The policy of the state of Illinois as expressed by its legislature and supreme court should be given deference, and the Illinois law applied.

*Stating a cause of action under Illinois law.*

As stated by this court many times, when challenged by demurrer, pleadings are to be liberally construed with a view to substantial justice of the parties and are entitled to all reasonable inferences in favor of the pleadings which can be drawn from the facts pleaded.[16] As stated in *Jennaro v. Jennaro:*[17]

"The litmus paper by which a complaint, attacked by means of demurrer, is to be tested in Wisconsin is that demurrer fails if the complaint, liberally construed, expressly, or by reasonable inference, states any cause of action. However, in applying that test, it is to be kept in mind that '[p]leadings are intended to fairly apprise the opposing party of the matters to be tried. . . .'"

In the instant case, the amended complaint alleges that Pratt parked his vehicle "on the grounds of Downey Veteran's Administration Hospital in Illinois."

Under Illinois law, as stated above, the plaintiff has a cause of action only if the vehicle was left on a street or highway or alley and not on private property. On the basis of the amended complaint, it is impossible to determine whether the vehicle was left on a street or highway, or on private property. For this reason the

[16] *Padilla v. Bydalek*, 56 Wis.2d 772, 775, 203 N.W.2d 15 (1973).
[17] 52 Wis.2d 405, 409, 190 N.W.2d 164 (1971), quoting from *Prestin v. Baumgartner*, 47 Wis.2d 574, 579, 177 N.W.2d 825.

amended complaint is insufficient, and the demurrer should be sustained. However, the plaintiffs should be given twenty days in which to file a second amended complaint.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.