John DOE, Plaintiff,

v.

**AMERICAN STORES COMPANY and American Drug Stores, Inc., Defendants.**

No. 99–C–480.

United States District Court, E.D. Wisconsin.

Oct. 29, 1999.

J. Ric Gass, Karen L. Tidwall, Kravit
Gass Hovel & Leitner, Milwaukee, WI,
Paul M. Levy, Phillip J. Zisook, Brian D.

Saucier, Deutsch Levy & Engel, Chicago, IL, for plaintiff.

Ann M. Maher, Michael T. Hart, Whyte Hirschboeck Dudek SC, Milwaukee, WI, Stanley J. Adelman, William M. Gantz, Marisa J. Brock, Rudnick & Wolfe, Chicago, IL, for defendants.

## DECISION AND ORDER

### MYRON L. GORDON, District Judge.

The plaintiff, who is proceeding under the pseudonym "John Doe", has AIDS. He kept this fact secret from all but his family, close friends and those who gave him medical care. The fact became public, however, when the defendants, owners of the "Osco" chain of drug stores, published a letter of appreciation that Mr. Doe had written to an Osco supervisor. His letter did not explicitly disclose that he had AIDS, but it mentioned that he was struggling with a terminal illness and that he depended on dozens of prescriptions to stay alive. The letter praised pharmacists at the Osco store in Evanston, Illinois for their assistance in helping him obtain "Norvir", a new drug used only in the treatment of AIDS.

Without permission, the defendants reprinted the letter on the cover of a company newsletter that was circulated to thousands of addressees both inside and outside the company. A copy of the newsletter with the reprinted letter on it was prominently displayed at the Osco store in Evanston. When the plaintiff learned of this, he alleges that he became emotionally distraught. He also avers that he received anonymous, threatening phone calls in which the callers revealed that they knew he had AIDS. His home was vandalized. All of this allegedly exacerbated the plaintiff's illness.

These allegations, which are taken from the plaintiff's complaint and accepted as true for present purposes, form the basis for his four claims against the defendants. Two of these, the first and third causes of action, are based on a Wisconsin statute that creates causes of action for certain types of invasion of privacy— § 895.50, Wis.Stats. The second count is brought pursuant to § 252.15(5), Wis.Stats., which generally prohibits health care providers from disclosing the results of HIV tests. The fourth claim is for negligent infliction of emotional distress.

Presently before the court is the defendants' motion to dismiss the first three claims (they have answered the fourth) pursuant to Rule 12(b)(6), Fed.R.Civ.P. Also before the court are the defendants' motion to extend the page limitation on their reply brief, the plaintiff's motion to strike portions of the reply brief, and the plaintiff's motion to strike one of the defendants' affirmative defenses to count four. The plaintiff has also filed a motion to compel discovery, and the plaintiff's reply brief in support of the motion was filed today. This motion will not be addressed in this decision and order.

## I. MOTION TO DISMISS

In their motion to dismiss, the defendants argue primarily that Wisconsin law does not apply to this action because the relevant facts as alleged in the complaint bear little relationship to the state of Wisconsin. Since Wisconsin law is inapplicable, the defendants contend, the plaintiff's claims based on Wisconsin statutes must be dismissed. For the reasons set forth below, I conclude that the conflicts of law principles employed by Wisconsin courts mandate dismissal of the plaintiff's claims based on Wisconsin statutes.

The laws of three states—Illinois, Florida and Wisconsin—are potentially applicable to this case. The allegations in the complaint relevant to the relationship of each state to this action are as follows. The plaintiff is a citizen of Florida and also resides in Illinois for several months of the year. (Compl.¶ 1). Defendant American Stores Company is a Delaware corporation, and its subsidiary defendant American Food Stores, Inc. is an Illinois corpo-

ration. (Compl.¶¶ 2–3). Both companies conduct business in Wisconsin and Illinois. (Compl.¶ 2–3, 8). Mr. Doe regularly shopped at the Evanston, Illinois Osco store. (Compl.¶ 8). He sent his letter of appreciation to an Osco store supervisor in Illinois. (Compl., Exh. A). The letter was reprinted and circulated to thousands of addressees, some of whom were in Wisconsin, and the reprinted letter was displayed in Osco stores, including the store in Evanston, Illinois. (Compl.¶¶ 11–13). He suffered injury from the disclosure of his letter both in Florida (Compl.¶¶ 17, 18) and in Illinois. (Compl.¶ 19). The threatening phone calls were received in Illinois. (Compl.¶ 19).

■ A federal court sitting in diversity applies the conflict of laws rules of the state in which it sits. *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 503 (7th Cir.1998). In their opening brief, the defendants invoke a particularized rule for deciding conflicts of laws in "multistate invasion of privacy" cases. The rule, set forth in § 153 of the Restatement (Second) Conflict of Laws, provides that in such cases, courts should apply the "law of the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties. . . . This will usually be the state where the plaintiff was domiciled at the time if the matter complained of was published in that state." The Wisconsin Supreme Court has neither adopted nor rejected § 153.

The plaintiff argues that this rule would not be followed by Wisconsin courts because its approach is inconsistent with the conflict of law methodology adopted by the Wisconsin Supreme Court in tort cases generally. I deem it unnecessary to decide whether § 153 would apply in this case because I believe that even under the approach advocated by the plaintiff, Wisconsin law cannot apply.

■ Wisconsin courts apply a three-pronged approach to resolve choice of law issues in tort cases. "[T]he first step is to determine whether there is a conflict, that is, will the choice of one law as compared to another determine the outcome." *Lichter v. Fritsch*, 77 Wis.2d 178, 182, 252 N.W.2d 360 (1977). If a conflict exists, the next step is to analyze "whether the contacts of one state to the facts of the case are so obviously limited and minimal that application of that state's law constitutes officious intermeddling." *American Standard Ins. Co. of Wis. v. Cleveland*, 124 Wis.2d 258, 263, 369 N.W.2d 168 (Ct.App. 1985). If no officious intermeddling would result, then the court applies the five choice-influencing considerations to determine which state's law to apply: 1) predictability of results; 2) maintenance of interstate and international order; 3) simplification of the judicial task; 4) advancement of the forum's governmental interests; and 5) application of the better rule of law. *Lichter*, 77 Wis.2d at 183, 252 N.W.2d 360.

Turning to step one, I will accept for purposes of this decision the plaintiff's contention that there are no outcome determinative differences between Wisconsin and Florida laws regarding causes of action for invasion of privacy. However, a serious weakness in the plaintiff's conflict of laws analysis is that it does not even mention Illinois, a state with a significant connection to the facts of this case. An outcome determinative difference exists between the law of Illinois, on the one hand, and the laws of Wisconsin and Florida on the other, because the plaintiff's invasion of privacy claims are barred under Illinois law by the applicable statute of limitation. 735 ILCS 5/13–201. The defendants assert, and the plaintiff does not dispute, that this statute is the reason that the plaintiff decided to bring this action in Wisconsin state court (the defendant later removed this action to this court).

■ As to step two, I conclude that this action's connection to Wisconsin is so minimal, when compared to its relationship with Illinois, that application of Wisconsin law would constitute "officious intermed-

dling". *See id.* at 182. All of the plaintiff's contacts with the defendants occurred in Illinois, his letter was sent to them there, it was disclosed there, he sustained injury and was harassed there. The plaintiff resides in Illinois for several months each year, and one of the defendants is incorporated there.

The only connections with Wisconsin are that some of the newsletters were mailed to addresses in this state and that the defendants do business here. These contacts are far from unique, as the defendants do business in a number of states and the letter was made public in Illinois (and perhaps other states) as well. Mr. Doe does not allege that he has ever been in Wisconsin, or that anyone who knows him received a copy of the newsletter in Wisconsin. He does not allege that disclosure of his letter *in Wisconsin* caused any of his claimed injuries.

Under these facts, Wisconsin cases suggest that applying Wisconsin law would constitute officious intermeddling. *See, e.g., Burns v. Geres,* 140 Wis.2d 197, 201, 409 N.W.2d 428 (Ct.App.1987) (applying Wisconsin law would be officious intermeddling where accident and injuries occurred in Arizona, defendant was an Arizona company, and the only connection to Wisconsin was that plaintiff lived there and defendant did some business there); *American Standard Ins. Co. v. Cleveland,* 124 Wis.2d 258, 260, 264–65, 369 N.W.2d 168 (Ct.App.1985) (where plaintiff, defendant and their respective insurers were from Wisconsin, but auto accident occurred "fortuitously" in Minnesota, application of Minnesota law would amount to officious intermeddling); *Gavers v. Federal Life Ins. Co.,* 118 Wis.2d 113, 115, 118, 345 N.W.2d 900 (Ct.App. 1984) (in an action to recover on a life insurance policy, where beneficiaries and decedent were from Wisconsin, policy was issued in Wisconsin, but decedent was last known to be in California, applying California law would constitute officious intermeddling). Nearly all of the significant facts of this case bear some connection to Illinois; the only contacts with Wisconsin, on the other hand, are merely fortuitous and relatively insignificant. To apply Wisconsin law would be to intermeddle in a case in which Illinois clearly has a greater interest.

I would reach the same conclusion by weighing the choice-influencing factors, the third step of Wisconsin's conflict of laws analysis. Based on the facts discussed above, I deem it obvious that factors one, two and five—predictability of results, maintenance of interstate order and advancement of the forum state's governmental interest—favor Illinois. I believe that factors three and five—simplification of the judicial task and application of the better rule of law—are neutral in this case. Thus the choice-influencing factors strongly support the application of Illinois law.

■ It is perhaps arguable that Mr. Doe could still avoid a dismissal if Florida law trumps Illinois law. If Florida law applies and its relevant laws are substantially similar to those of Wisconsin, then there would be no conflict and no need to choose between the states' laws. However, the plaintiff has waived this argument; he has not argued that Florida law should take precedence over Illinois law. In addition, he has argued that Wisconsin has a greater interest in this case than does Florida. (Plaintiff's brief 6–7). For purposes of this decision, I accept this contention. However, having decided that Illinois has a far greater interest than Wisconsin, I also conclude that Illinois' interest is greater than Florida's.

For the foregoing reasons, the defendants' motion to dismiss three of the plaintiff's four counts will be granted. The court will dismiss the plaintiff's claims based on Wisconsin statutes (counts one, two and three).

■ An independent basis exists for dismissing count two, which is based on § 252.15(5), Wis.Stats. This section provides in relevant part:

CONFIDENTIALITY OF TEST. (a) An individual who is the subject of a test for the presence of HIV ... or the individual's [legally authorized agent] may disclose the results of the individual's test to anyone. A person who is neither the individual nor the individual's [legally authorized agent] may not, unless he or she is specifically authorized by the individual to do so, disclose the individual's test results....

This statute has no bearing on this case. As the allegations of the complaint make clear, the defendants did not disclose the results of an HIV test, nor did they directly disclose that Mr. Doe had AIDS. Although they did disclose information from which certain persons could deduce that he had AIDS, the source of this information was not test results but rather a letter written by the plaintiff himself.

## II. OTHER MOTIONS

The defendants' motion to extend the page limitation on their reply brief, to which the plaintiff has not objected, will be granted.

The plaintiff has moved to strike two portions of the defendants' reply brief. The first is a section of the reply brief which raises for the first time Wisconsin's "borrowing statute", § 893.07, Wis.Stats., which requires courts, in cases that arise in another state, to apply the shorter of the foreign state's or Wisconsin's statutes of limitations. The second is a section of the reply brief that the plaintiff claims misstates the holding of *Kuehn v. Childrens Hospital, Los Angeles,* 119 F.3d 1296 (7th Cir.1997). Neither portion was relevant to this court's disposition of the defendants' motion. The court will therefore deny the motion to strike portions of the reply brief as moot.

█ The plaintiff also has moved to strike the defendants' third affirmative defense to count four of the complaint on the ground that it fails to plead fraud with the particularity required by Rule 9, Fed.

R.Civ.P. The affirmative defense alleges that Mr. Doe

submitted plaintiff's letter in a form designed by plaintiff to mislead personnel at ADSI into thinking that plaintiff's letter was a general customer appreciation letter, and concurrently neglected, on purpose, to state any restriction for use within the letter or otherwise advising ASC or ADSI of any restrictions, with the express intention of inducing ASC or ADSI to publish plaintiff's letter to third persons for the fraudulent purpose of creating a cause of action against defendants.

This motion will be granted. The defendants have failed to describe with sufficient particularity what about the letter or its transmittal to the defendants constitutes a misrepresentation. Despite the defendants' contention to the contrary, there is nothing in the letter that can be fairly construed as an invitation or inducement to publish it. I reject as absurd defendants' argument that by failing to place explicit restrictions on the letter's use, the plaintiff defrauded them into publishing it. Having published a letter that clearly contains private information without first seeking the plaintiff's permission, it is far-fetched for the defendants to argue that because he did not instruct them not to do so, they are the victims of his fraud. The court will strike the defendants' third affirmative defense.

Finally, the court has considered whether Mr. Doe should be permitted to continue proceeding anonymously. *See Coe v. County of Cook,* 162 F.3d 491 (7th Cir. 1998). For the same reasons I set forth in *Roe v. City of Milwaukee,* 37 F.Supp.2d 1127 (E.D.Wis.1999), the use of a pseudonym in the instant case is appropriate under the circumstances.

## ORDER

Therefore, IT IS ORDERED that the defendants' motion to dismiss be and hereby is granted: claims one, two and three of the plaintiff's complaint are dismissed.

IT IS ALSO ORDERED that the defendants' motion to extend the page limitation on their reply brief be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiff's motion to strike portions of the defendants' reply brief be and hereby is denied as moot.

IT IS FURTHER ORDERED that the plaintiff's motion to strike the defendants' third affirmative defense be and hereby is granted: the third affirmative defense is stricken.

IT IS FURTHER ORDERED that the plaintiff be and hereby is authorized to proceed anonymously.